VAN SCHERPE *v.* ULBERG.

FRAUD — WAIVER — PERFORMANCE AFTER KNOWLEDGE OF FRAUD
WAIVES RIGHT TO RECOVER THEREFOR.
> One who is induced by fraud to enter into a contract,
> and who, on discovery of the fraud while the contract
> remains wholly or partly executory, nevertheless executes
> it on his part, or requires performance on the part of the
> other party, thereby waives the fraud and cannot sub-
> sequently maintain an action for damages therefor, al-
> though upon performance the right to recover damages
> was reserved.[1]

Appeal from Washtenaw; Sample (George W.), J.
Submitted October 6, 1925. (Docket No. 3.) De-
cided December 22, 1925. Rehearing denied April 6,
1926.

Bill by Edith Van Scherpe against Edward Ulberg
and another for fraud in the sale of real estate, for
an accounting, and for an injunction. From a decree
for plaintiff, defendants appeal. Reversed.

*Daskam & Fox,* for plaintiff.

*Cavanaugh & Burke* (*Jacob F. Fahrner,* of counsel),
for defendants.

BIRD, J. In January, 1924, defendants were the
owners of a house and lot situate at 414 East
Williams street, in the city of Ann Arbor. On
the 28th day of that month they entered into a
contract with plaintiff for the sale and conveyance
of it to her for a consideration of $10,000, to be
paid as follows: One thousand dollars when the
contract was signed, $3,000 on July 1, 1924, at which

[1] Fraud, 27 C. J. §§ 136, 138.

time defendants were to give plaintiff a warranty deed and plaintiff was to execute a mortgage on the same for the balance of the purchase price. Before plaintiff executed the contract she visited the premises and inspected them. Later the contract was executed by the parties, and the $1,000 payment was made. Plaintiff returned to her home in the State of Illinois, but returned to Ann Arbor in March, 1924. At that visit she claims she learned that false representations had been made to her in three particulars: (*a*) That there was a basement under the entire house, whereas it was under only one-quarter of it. (*b*) That the house contained two bath rooms when, in fact, it contained only one. (*c*) That there was no incumbrance on the premises, whereas the adjoining neighbor on the east had an easement over the lot to his garage. The record does not show that she made any protest at that time to defendants. Plaintiff returned to Ann Arbor again on July 1st and paid the $3,000 provided by the contract, and demanded a warranty deed. The deed and mortgage were executed as stipulated and on July 29th she filed this equity suit charging defendants with making false statements in regard to the property and demanding damages, and prayed that whatever should be found her due the same should be indorsed on the note and mortgage, and she also prayed that defendants might be temporarily enjoined from selling or disposing of said mortgage and note. Defendants denied making any false representations concerning said premises, and offered to take back the property, release the mortgage and refund the payment made, and compensate her for improvements made, but plaintiff would not accept their proposition. At the conclusion of the hearing the chancellor awarded plaintiff the sum of $1,550 as damages, and ordered the same indorsed on the mortgage and note.

Passing over the question whether a case of fraud

was made out, but assuming that it was, as she claims, we think she has estopped herself from making that claim in a court of equity. She was fully cognizant for some time before she made the $3,000 payment that she had been defrauded, and yet she made the payment and demanded a deed, and gave a mortgage upon the premises for the balance of the purchase price. In other words, she carried out the contract to the letter and insisted that defendants should perform. Afterwards, and before the hearing, she paid the interest on the mortgage. We think that when she performed, and demanded performance of the other party to the contract, that she thereby waived the fraud, if there were any. The contract was executory, and if she was induced to make it by false and fraudulent representations she was under no legal obligations to carry it out. By carrying it out she ratified the contract, and she cannot now be heard in a court of equity to complain of an injury she brought upon herself. The rule is clearly stated by 12 R. C. L. p. 413, where it is said:

"It is generally held, that one who is induced by fraud to enter into a contract, and who, on discovery of the fraud while the contract remains wholly executory, nevertheless executes it on his part, or requires performance on the part of the other party, thereby waives the fraud and cannot subsequently maintain an action for damages therefor. Reasons given for this rule are that in such cases the fraud is really consummated and the damages incurred by such performance, and that to permit a recovery thereafter would virtually be to allow a recovery for self-inflicted injuries, and to permit the complaining party to speculate upon the other's fraud. It is deemed to be the duty of the defrauded party on discovering the fraud to elect whether he will perform or rescind. If he elects to perform, he thereby, in effect, makes a new contract, and to permit him under those circumstances to recover for a fraud would be to do violence to every rule upon which compensatory damages are allowed.

The rule is not changed by the fact that the person guilty of the fraud insists on performance, and that the defrauded party intends to perform and then sue to recover the loss growing out of performance."

The rule is analyzed in *Kingman & Co.* v. *Stoddard,* 85 Fed. 740, where it is said in part:

"The contract, being against conscience because of the fraud, is not obligatory upon him, if he shall so elect; but if, when fully informed of the fraud, he voluntarily confirms, ratifies, and performs and exacts performance of the contract, he condones the fraud, and such ratification, like the ratification of the unauthorized act of an agent, relates to the time of the contract, confirming it from its date and purging it of fraud. With respect to an executory contract, one may not, after knowledge of the fraud, continue to carry it out, exacting performance from the other party to it, receive its benefits, and still pursue an action for deceit; and this because continued execution with knowledge of the fraud signifies the ratification of a contract voidable for fraud and condones the fraud. For example, if one, by the imposition of fraudulent practices, has been induced to purchase goods, and, after their receipt, discovers the fraud, he may rescind, or may affirm and have his action for the deceit. But if, before delivery of the goods, he has discovered the fraud, he may not then accept the goods, and still have an action for deceit. He had sustained no injury prior to the discovery of the fraud. He was under no legal obligation to execute a contract imposed upon him through fraud. Fraud without damage, fallen or inevitable, is not actionable. The loss arises from his acceptance of the goods. This being done with knowledge of the fraud, he has voluntarily brought upon himself the injury. *Volenti non fit injuria.* With respect to an executory contract voidable by reason of fraud, the defrauded party, with knowledge of the deceit practiced upon him, may not play fast and loose. He cannot approbate and reprobate. He must deal with the contract and with the wrongdoer at arm's length. He may not, with knowledge of the fraud, speculate upon the advantages or disadvantages of the contract, receiving its benefits,

and, at the same time, repudiate its obligations. *Grymes* v. *Sanders*, 93 U. S. 55, 62; *McLean* v. *Clapp*, 141 U. S. 429 (12 Sup. Ct. 29). Fraud is not actionable when the defrauded party, before performance and after knowledge of the fraud, voluntarily ratifies and exacts performance of the contract by the other party thereto."

The rule is elaborated in *Simon* v. *Goodyear Metallic Rubber Shoe Co.*, 44 C. C. A. 612, 105 Fed. 573 (52 L. R. A. 745). See, also, *Gilmer* v. *Ware*, 19 Ala. 252; *McDonough* v. *Williams*, 77 Ark. 261 (92 S. W. 783, 7 Ann. Cas. 276, 8 L. R. A. [N. S.] 452, note); *Saratoga, etc., R. Co.* v. *Row,* 24 Wend. (N. Y.) 74.

But plaintiff says that the contract was only partially executory and, therefore, this rule does not apply. Reading again from the paragraph in R. C. L., heretofore quoted, it says:

"The rule has been extended to cases where the contract was not wholly executory. Thus, it has been held that if the fraud is discovered after partial performance a continuance of performance is a waiver of the right to recover damages for the fraud, and that the action cannot be saved after such voluntary performance, to the extent of the damage sustained by partial performance before full knowledge of the deceit;" citing *Simon* v. *Goodyear Metallic Rubber Shoe Co., supra.*

Counsel also says that when the contract was executed the right to recover damages was reserved and, therefore, he is entitled to maintain the action. This contention is also answered in *Simon* v. *Goodyear Metallic Rubber Shoe Co., supra,* as follows:

"The fact that the defendant insisted upon performance, and that the plaintiff intended to perform, and then sue to recover the loss growing out of performance, cannot alter the principle. The plaintiff was under no legal compulsion to go on. What he subsequently did was in execution of the contract. The deliberate execution of it was an adoption of it with knowledge of the deceit, and in contradiction of

his purpose to sue for deceit practiced in its procurement.    He cannot save his right to sue for the fraud by notice that he will do so if he perform and exact performance with full knowledge of the facts which rendered performance nonobligatory."

See, also, 12 R. C. L. 414.

The application of this rule will prevent plaintiff from proceeding to collect damages for any fraudulent statements that may have been made to induce her to enter into the contract.    By performing the contract with a full knowledge of the fraud and by her insistence that defendants perform she has waived her right to recover for the fraud.

There is a question of jurisdiction raised and discussed in the briefs.    There is also the question whether that part of the decree ordering an indorsement of damages upon the note and mortgage is permissible under our practice, unless it extinguishes the entire mortgage and note.    It will be unnecessary, however, to discuss these questions, in view of the conclusion we have reached on the main question.

The decree is reversed, with costs to defendants.

McDONALD, C. J., and CLARK, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.