LEWIS v. CARSH, ET AL.

Decided February 8, 1926.   Rehearing denied March 22, 1926.

Action for damages for fraud and deceit. Judgment of nonsuit.

*Affirmed.*

1. NONSUIT—*When Proper.* Where the evidence of plaintiff destroys his case, a motion for nonsuit is properly granted, even though presented before plaintiff has rested.

2.   RIGHTS AND REMEDIES—*Fraud—Contract*.   On discovery of fraud a
       party may rescind a contract, or affirm it and sue for damages.

3.   FRAUD—*Ratification*.   Where a party on discovering fraud in the pro-
       curing of a contract elects to go on with it, exacting performance
       from the other party, he affirms it in toto.

*Error to the District Court of the City and County of
Denver, Hon. Julian H. Moore, Judge.*

Mr. W. G. ALEXANDER, Mr. CHARLES F. MILLER, for
plaintiff in error.

Messrs. EWING & ARNOLD, Messrs. FILLIUS, FILLIUS &
WINTERS, for defendants in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the
court.

LEWIS brought suit against Carsh and Heller for de-
ceit in the sale to him by them of stock in the Blue Rib-
bon Coffee and Tea Company.   Before the plaintiff had
rested the court granted a nonsuit.   The ground of the
nonsuit was, of course, that facts had already been
shown which precluded a finding for the plaintiff.   Our
inquiry, then, must be whether that was true.

The evidence showed nothing against Heller.   It
appeared only that he had acted as attorney for the
parties in organizing the company and afterwards as its
attorney.   As to defendant Carsh the plaintiff himself
testified that certain representations of the condition
and business of the company were made by Carsh and
by one Hackensmith in Carsh's presence on which plain-
tiff relied and bought one-third of the stock of the com-
pany, but he further testified that after he discovered
the untruth of the statements he continued in the com-

pany's business, made further payments to Carsh until the latter was paid in full, and even joined Carsh in selling about half the company's stock to two other men, shortly after which the company failed.

Upon discovery of the fraud he might rescind or affirm the contract and sue for damages, but such affirmance relates only to the completed portion of the transaction; if the contract is uncompleted and he elects to go on with it, exacting performance of the other party as here, he affirms it in toto. *Ponder v. Altura Co.*, 57 Colo. 519, 523, 143 Pac. 570. Plaintiff's own testimony, therefore, destroyed his case and the nonsuit was right.

Judgment affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.