## No. 11,818.

### EMLEY v. TENENBONE.

Decided April 25, 1927.

Action on promissory note.   Judgment for plaintiff.

*Affirmed.*

### *On Application for Supersedeas.*

1.  VENDOR AND PURCHASER—*Fraud—Ratification.*   Where the purchaser of land claiming a set-off against the purchase price for alleged fraudulent misrepresentations exacted full performance by the vendor and asked for and obtained extensions of time for payment of interest with full knowledge of the situation, she is held to have ratified the contract and condoned the vendor's offense, if there was one.

2.  EVIDENCE—*Rejection.*   In an action involving alleged fraud of a vendor of land, rejection of evidence of misrepresentations made before the purchaser ratified the contract of purchase, held not error.

3.  APPEAL AND ERROR—*Instructions.*   A party may not complain of instructions given at his request.

4.      *Findings—Conflicting Evidence.*   Findings on the question of false representations which are based on conflicting evidence, will not be disturbed on review.

*Error to the County Court of the City and County of Denver, Hon. E. J. Ingram, Judge.*

Mr. JOHN W. STEPHENSON, for plaintiff in error.

Messrs. HINDRY, FRIEDMAN & BREWSTER, for defendant in error.

*Department Two.*

MR. JUSTICE ADAMS delivered the opinion of the court.

ACTION on contract brought in justice court by Tenenbone against Emley. Judgment for plaintiff; appealed to county court; retrial to jury and judgment for plaintiff; defendant comes here and asks for a supersedeas.

The claim was for an unpaid balance on a promissory note given as part of the purchase price of a house and lot. Defendant asked for damages by way of set-off, but the jury allowed her only a part of the amount claimed, to which defendant excepts.

The set-off allowed was for the expense of putting in a lawn; the jury found the amount, and no comment is necessary. The amount not allowed was for damages claimed on account of alleged fraudulent representations by plaintiff as to the condition of the foundation of the house, and the state of the furnace and plumbing.

1. Whatever such conditions were, defendant took the house and has continued to occupy it, and knowing the true situation, made a payment and later asked and obtained several extensions of time on interest payments which she afterwards paid without complaint. She also exacted full performance by plaintiff under the written terms of the contract of sale. By these tokens she ratified the contract and condoned plaintiff's offense, if there was one. *Ponder v. Altura Farms Co.,* 57 Colo. 519, 143 Pac. 570; *Widman v. Barry,* 63 Colo. 427, 168 Pac. 31; *Lewis v. Carsh,* 79 Colo. 51, 244 Pac. 598.

2. Defendant complains about rejection of evidence as to plaintiff's alleged misrepresentations, but these, if made at all, were before the ratification, and proof was not rejected concerning deceit claimed to have been thereafter discovered by defendant; so, no error.

3. Instruction No. 1 was requested by defendant and given by the court over plaintiff's objections. It says, among other things: ''Defendant also makes a claim for damages consisting of several items. These claims for damages are a valid set-off against the balance due on the note if proven by the evidence. If you find for

the defendant on the question of damages, you will fix the amount and allow it as a credit on the note. After crediting defendant with such amounts as you find him to be entitled from the evidence, your verdict will be for the litigant entitled to the balance between them, and your verdict will be for that amount.''

Plaintiff having recovered, obviously his objection to the instruction is no longer urged. From defendant's standpoint, her counsel drew it in general terms and broad enough to take in everything claimed by way of set-off, which was all that could be desired. Other conventional instructions were given; others were asked for but more were unnecessary.

4. Plaintiff denies deceit. The evidence was in some respects conflicting, but as all men know, this is true to form in most jury cases, otherwise no jury would be impaneled to sift the facts. To reverse only because of conflicting testimony would be to abolish the whole jury system. In this case verdicts for plaintiff have been twice handed from the box, and they spoke with the voice of authority, as this court has often heretofore remarked.

There were no written pleadings, the case having originated before a justice of the peace, but it has now had the consideration of three courts and we find no error.

Judgment affirmed.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE BUTLER and MR. JUSTICE CAMPBELL concur.