## BROWNLEE v. THROWER et al.
### (No. 3445.)

Court of Civil Appeals of Texas. Texarkana.
Nov. 30, 1927.

, Rehearing Denied Dec. 15, 1927.

**1. Fraud ⬳35—Purchaser's affirmance of fraudulent land-contract did not, as matter of law, waive fraud (Rev. St. 1925, art. 4004).**

Where purchaser was induced to execute written land contract by vendor's oral agreement, fraudulently made at the time of making the written contract, that he would rent the lots for the purchaser at a certain price, which had not· been done, purchaser's affirmance of the fraudulent land contract did not, as matter of law, constitute a waiver of the fraud so as, to preclude recovery of damages, under Rev. St. 1925, art. 4004.

**2. Evidence ⬳434(11)—In purchaser's· action for damages for fraud inducing written land contract, parol testimony of vendor's fraudulent representation held admissible (Rev. St. 1925, art. 4004).**

In an action by purchaser for damages for vendor's fraud inducing execution of land contract, parol testimony of fraudulent representations, made by the vendor at the time the contract was entered into, *held* admissible, under Rev. St. 1925, art. 4004, although the land contract was in writing.

Appeal from District .Court, Harris County ; Roy F. Campbell, Judge.

Action by J. M. Brownlee, Jr., against Harry W. Thrower and another. Judgment for defendants, and plaintiff appeals, and the named defendant files a cross-assignment of error. Reversed and remanded.

July 22, 1926, appellant, Brownlee, and appellee Thrower entered into a contract, in writing, whereby the latter agreed to convey or cause to be conveyed to the former certain lots in the city of Houston when Brownlee paid $8,000 in cash therefor, executed and delivered vendor lien promissory notes for sums aggregating $5,000, and assumed the payment of a note for $20,000 secured by a lien on the land. At the time the contract was entered into and as a compliance with one of its terms, Brownlee delivered his check for $1,000 on the First National Bank of Madisonville to Thrower, who, in compliance with another term of the contract, deposited same "in escrow with Public National Bank." By another term of the contract the check was to be treated as a part of the $8,000 cash payment if the sale was consummated, and to become forfeited as liquidated damages if Brownlee, being furnished evidence that the title to be conveyed to him was good, within a time specified failed to accept a deed thereto and pay the money and make and assume notes as agreed upon. Brownlee claimed (and uncontradicted testi-

mony tended to prove) he was induced to enter into the contract by a verbal promise fraudulently made by Thrower to rent the lots for him for a term of 2 years at $200 per month if he purchased same. He claimed further, and proved, that on August 23, 1926, which was within the time specified therefor, he accepted a conveyance of the lots from appellee Dwyer and paid the money and executed and assumed payment of notes as agreed upon, and that Thrower failed to comply with his verbal promise to rent the lots. This suit was by Brownlee, as plaintiff, to recover of Thrower and Dwyer $4,800 as the damages he was entitled to because of the fraud practiced upon him, as he alleged, by Thrower. It appeared from testimony heard at the trial that before Brownlee accepted the deed, paid the money, and made and assumed promissory notes as stated, and at a time when the check referred to was held by the Public National Bank as an escrow, Thrower denied making the verbal promise charged to him and notified him (Brownlee) that he would not rent the lots if Brownlee consummated his agreement to purchase same. It appeared, further, that Brownlee, when so notified and before he consummated his said agreement, advised both Thrower and Dwyer of an intention he entertained to seek a recovery of the damages this suit is for. It appeared, further, that the check referred to as drawn by Brownlee was "to be paid (quoting) when I (Brownlee) owed it." It appeared, further, that the verbal promise in question was not made a part of the contract as written, because Thrower thought, as he claimed and advised Brownlee, the owner of the lots would object to it. Being of the opinion that Brownlee had failed to make a case entitling him to relief, the court instructed the jury to return a verdict against him and, the jury having returned such a verdict, rendered judgment that Brownlee take nothing by his suit and in favor of Thrower and Dwyer for costs.

W. L. Hill and J. R. Hill, both of Houston, for appellant.

Andrews, Streetman, Logue & Mobley, M. E. Kurth, and Woods, John & Cox, all of Houston, for appellees.

WILLSON, C. J. (after stating facts as above). Undisputed testimony heard at the trial was sufficient to show appellant was induced to enter into the written contract to purchase the lots by his reliance on a verbal promise by Thrower to rent same for 2 years at $200 per month if appellant purchased them. That being true, and it appearing from other testimony, also undisputed, that appellant did purchase the lots in compliance with the terms of the written contract and that Thrower failed to rent them, the trial court erred when he instructed the jury as he did,

unless he had a right to say it appeared, as a matter of law, that appellant had waived a right he had to maintain a suit for damages for fraud practiced on him by Thrower. Article 4004, R. S. 1925; Fordtran v. Cunningham (Tex. Civ. App.) 141 S. W. 562; Mason v. Peterson (Tex. Com. App.) 250 S. W. 142; Gustafson v. Land Co. (Tex. Civ. App.) 234 S. W. 244. Appellees insist the court had such a right because it conclusively appeared that appellant consummated his undertaking to purchase the lots after he was advised that Thrower would not rent them. The insistence is on the theory that the contract was an executory one which appellant, because of the fraud practiced on him, was not bound to perform. Appellant, on the other hand, insists that the contract was an executed one in part, at least, and, as supporting that view, points to testimony showing he had deposited his check for $1,000 in escrow, to be forfeited if he did not comply with his undertaking under the contract. Appellant insists, further, that it appeared he had not waived his right to maintain this suit, and as supporting the contention refers to his undisputed testimony as a witness that at the time, or before, he· consummated the contract he notified appellees he would seek a recovery against them of the damages the suit is for.

[1] The members of this court are not agreed as to whether the contract was wholly executory or not. The majority think it was not, while the writer thinks it was because appellant, having been induced by fraud practiced on him to enter into it, was not bound to perform it, and because the check he deposited in escrow was not payable until "he owed it." Thomas v. Birch, 178 Cal. 483, 173 P. 1102. But we all agree that whether the contract was an executed or executory one, the trial court erred when he peremptorily instructed the jury to return a verdict in appellees' favor.

While recognizing the rule giving a person induced to enter into a contract by fraud practiced on him a choice of remedies (Blythe v. Speake, 23 Tex. 429; Fordtran v. Cunningham [Tex. Civ. App.] 141 S. W. 526), federal courts and some state courts hold that if a person, after he is advised of the fraud, affirms the contract at a time when it is wholly executory, he thereby waives the right he had to maintain a suit for damages for the fraud. Kingman v. Stoddard (C. C. A.) 85 F. 740; Simon v. Shoe Co. (C. C. A.) 105 F. 573, 52 L. R. A. 745; McDonough v. Williams, 77 Ark. 261, 92 S. W. 783, 8 L. R. A. (N. S.) 452, 7 Ann. Cas. 276; Lewis v. Carsh, 79 Colo. 51, 244 P. 598; McCabe v. Kelleher, 90 Or. 45, 175 P. 608; Thompson v. Libby, 36 Minn. 287, 31 N. W. 52; Machine Co. v. Mfg. Co., 219 Mich. 455, 189 N. W. 228; Hagen v. Barry, 194 Iowa, 1207, 190 N. W. 958; Van Scherpe v. Ulberg, 232 Mich. 699, 206 N. W. 323. As we understand decisions

300 S.W.—16 .

of the courts of this state, however, they are to the contrary of that holding and establish the rule with us to be that the affirmance of the contract by such a person at such a time does not, of itself, constitute such a waiver. Kennedy v. Bender, 104 Tex. 149, 135 S. W. 524; Wolff v. Cohen (Tex. Civ. App.) 281 S. W. 646;. Texas Harvester Co. v. Wilson Co. (Tex. Civ. App.) 210 S. W. 574; Gardner v. Dorsey (Tex. Civ. App.) 272 S. W. 266. In the Kennedy Case the Supreme Court quoted approvingly from 20 Cyc. 93, as follows:

"The· question of waiver, however, is largely one of intent. Hence acts done in affirmance of the contract can amount to a waiver of the fraud only where they are done with full knowledge of the fraud and of all material facts, and with the intention clearly manifested of biding by the contract and waiving all right to recover for the deception. Acts which, although in affirmance of the contract, do not indicate any intention to waive the fraud, cannot be held to operate as a waiver."

In the instant case the testimony that appellant notified appellees, at the time or before he· affirmed the contract and performed his undertaking under it, that he would seek a recovery against them for the fraud practiced upon him was undisputed. That being true, certainly the court had no right to say it appeared, as a matter of law, that when appellant affirmed the contract he intended thereby to waive the right he had to sue for damages for such fraud.

In the Wolff Case the Court of Civil Appeals said:

"It seems to be well settled in this state that, where one is induced by fraud and deceit to enter into an executory contract, he may, after discovering the fraud and deceit of the other party, go on and perform the contract and hold the wrongdoer liable for such damages as flow from the fraud and deceit."

Appellees cite Loper v. Robinson, 54 Tex. 510, decided in 1881 by the then Commission of Appeals, as a case supporting their view of the law. If it does it is in conflict, as we understand them, with the later Texas cases referred to above, which we think announce the correct rule and which we feel bound to follow.

What has been said was with reference to contentions urged here by both of the appellees. In addition to these contentions, appellee Dwyer insists it appeared he had nothing whatever to do with the making of the representations in question and did not appear that Thrower, in making them, acted for him either as his partner or his agent, and that the action of the trial court in instructing the jury as he did therefore was not error as to him. We do not agree it appeared that Thrower was neither Dwyer's partner nor agent in the transaction. Appellant, as a witness, testified to admissions made to him by Dwyer, which would have warranted a finding that he and Thrower were partners in

the transaction, and as such shared equally in profits arising therefrom.

[2] Appellee Thrower filed cross-assignments of error and insisted the trial court erred in admitting, over his objection, parol testimony to prove that he made the representations in question. As we understand the contention, it is not that the testimony was inadmissible if the suit should be treated solely as one for damages resulting to appellant from his reliance on the truth of the alleged false representations but that it was inadmissible if the suit should be treated as also one on the contract for damages for violating the undertaking to lease the lots.

We agree with the trial court that the allegations in appellant's petition showed the suit to be one solely for damages for the fraud alleged and that the testimony objected to therefore was admissible.

The judgment will be reversed and the cause will be remanded to the court below for a new trial.