**THROWER et al. v. BROWNLEE.**
(No. 950–5069.)

Commission of Appeals of Texas, Section B. Jan. 9, 1929.

Andrews, Streetman, Logue & Mobley, M. E. Kurth, Woods, John & Cox, and H. E. Cox, all of Houston, for plaintiffs in error.

J. R. Hill and W. L. Hill, both of Houston, for defendant in error.

SPEER, J. Chief Justice Willson thus states this case:

"July 22, 1926, appellant, Brownlee, and appellee Thrower entered into a contract, in writing, whereby the latter agreed to convey or cause to be conveyed to the former certain lots in the city of Houston when Brownlee paid $8,000 in cash therefor, executed and delivered vendor lien promissory notes for sums aggregating $5,000, and assumed the payment of a note for $20,000 secured by a lien on the land. At the time the contract was entered into and as a compliance with one of its terms, Brownlee delivered his check for $1,000 on the First National Bank of Madisonville to Thrower, who, in compliance with another term of the contract, deposited same 'in escrow with Public National Bank.' By another term of the contract the check was to be treated as a part of the $8,000 cash payment if the sale was consummated, and to become forfeited as liquidated

damages if Brownlee, being furnished evidence that the title to be conveyed to him was good, within a time specified failed to accept a deed thereto and pay the money and make and assume notes as agreed upon. Brownlee claimed (and uncontradicted testimony tended to prove) he was induced to enter into the contract by a verbal promise fraudulently made by Thrower to rent the lots for him for a term of 2 years at $200 per month if he purchased same. He claimed further, and proved, that on August 23, 1926, which was within the time specified therefor, he accepted a conveyance of the lots from appellee Dwyer and paid the money and executed and assumed payment of notes as agreed upon, and that Thrower failed to comply with his verbal promise to rent the lots. This suit was by Brownlee, as plaintiff, to recover of Thrower and Dwyer $4,800 as the damages he was entitled to because of the fraud practiced upon him, as he alleged, by Thrower. It appeared from testimony heard at the trial that before Brownlee accepted the deed, paid the money, and made and assumed promissory notes as stated, and at a time when the check referred to was held by the Public National Bank as an escrow, Thrower denied making the verbal promise charged to him and notified him (Brownlee) that he would not rent the lots if Brownlee consummated his agreement to purchase same. It appeared, further, that Brownlee, when so notified and before he consummated his said agreement, advised both Thrower and Dwyer of an intention he entertained to seek a recovery of the damages this suit is for. It appeared, further, that the check referred to as drawn by Brownlee was 'to be paid (quoting) when I (Brownlee) owed it.' It appeared, further, that the verbal promise in question was not made a part of the contract as written, because Thrower thought, as he claimed and advised Brownlee, the owner of the lots would object to it. Being of the opinion that Brownlee had failed to make a case entitling him to relief, the court instructed the jury to return a verdict against him and, the jury having returned such a verdict, rendered judgment that Brownlee take nothing by his suit and in favor of Thrower and Dwyer for costs."

The Court of Civil Appeals reversed the judgment of the trial court and remanded the cause for another trial. 300 S. W. 240.

The applications of both Brownlee and Dwyer have been granted, and the entire cause is before us for decision.

We are of the opinion that, under the undisputed facts, the judgment of the trial court was right, and our conclusion upon this point renders unnecessary a detailed consideration of the various assignments presented in the two applications.

■ This is essentially an action for fraud or deceit predicated upon the promises of Thrower which it was alleged he had no intention of performing at the time he made them, whereby Brownlee entered into the contract to purchase and made the escrow deposit above referred to. Under these circumstances, if they stood alone, Brownlee would be entitled to recover damages for any loss he sustained through reliance upon Thrower's promise. But the undisputed facts show that, before the purchase was consummated, Brownlee had full notice that Thrower would not perform his promise; the latter denying that he had ever made such promise. And likewise he was fully informed by Dwyer that he (Dwyer) would have nothing to do with Thrower's promise, that that was a matter entirely between him (Brownlee) and Thrower, and, notwithstanding such information, Brownlee closed the purchase with Dwyer, insisting, however, at the time he would not waive any right against Thrower.

■■ The rule is well recognized that a person induced to enter into a contract by fraud practiced upon him has a choice of remedies; that is, to rescind or to waive the right to rescind and to sue the wrongdoer for damages. This rule is not questioned by any one. The doctrine of election of course limits the complaining party to the remedy of his selection where the remedies are inconsistent, and a selection of the one remedy where the two are available is a waiver of the other. The Court of Civil Appeals, however, sustained the contention of Brownlee to the effect that one, who at a time the contract is wholly executory affirms the contract does not thereby waive his right to recover damages for the fraud inducing it, even though he had discovered such fraud prior to his act of affirmance. For this conclusion the court cites Kennedy v. Bender, 104 Tex. 149, 135 S. W. 524; Wolff v. Cohen (Tex. Civ. App.) 281 S. W. 646; Texas Harvester Co. v. Wilson Co. (Tex. Civ. App.) 210 S. W. 574, and Gardner v. Dorsey (Tex. Civ. App.) 272 S. W. 266. To our mind it is not necessarily, or at all, a question of election of remedies, for indeed, as we view the case, plaintiff below had no case at all for fraud.

■ The only theory, in any event, upon which a plaintiff is permitted to recover for deceit, is that he believed such representations, and, relying upon them, contracted or acted to his hurt. In no event can a recovery be had if either of these elements is wanting. It is as imperative that the plaintiff believed the false representations to be true at the time he acted thereon as that they were made in the first place. Where false representations or promises are made to induce another to act, and, before such other does act, he learns of the falsity of such representations or promises, it cannot of course be said that he relied upon them believing them to be true, for, knowing their falsity, he has not been deceived. Deception is the very es-

sence of an action for deceit, and that which does not deceive cannot be deceit within legal contemplation. It is true that one who makes a false statement, inducing another to act to his hurt, will not be heard thereafter to say the other should have been diligent to inquire as to the truth of the matter, for, in the absence of actual knowledge to the contrary, the one to whom the misrepresentation has been made has a right to rely upon it. Buchanan v. Burnett, 102 Tex. 492, 119 S. W. 1141, 132 Am. St. Rep. 900. But, where actual knowledge of the falsity of the statement or promise is brought home to the person to whom it is made before he has acted to his hurt, a different question is presented. It is then not a question of diligence but of actual knowledge, which, as matter of fact and of law, negatives deception. The authorities everywhere sustain this contention, and nowhere more clearly than in Texas. See Loper v. Robinson, 54 Tex. 514; Wortman v. Young (Tex. Com. App.) 235 S. W. 559; Dowlin v. Boyd (Tex. Com. App.) 291 S. W. 1095; Dibrell v. Bank (Tex. Civ. App.) 293 S. W. 874; Dossett v. Franklin, etc., Co. (Tex. Com. App.) 276 S. W. 1097; Klyce v. Gundlach (Tex. Civ. App.) 193 S. W. 1092; Grabenheimer v. Blum, 63 Tex. 369; Witherspoon Oil Co. v. Randolph (Tex. Com. App.) 298 S. W. 520.

 It does not alter the rule that threats were made to forfeit the escrow deposit, unless Brownlee went on with the purchase. This could only be enforced by a suit, and a threat to sue is not that duress of property that will render a payment in compliance involuntary and recoverable. If Brownlee's earnest money deposit was procured by fraud, he would have abundant opportunity in a suit to be heard upon that matter, so that his proceeding was voluntary. See 9 Rul. Cas. Law, p. 722, § 11.

██ This rule, of course, applies only to those cases where, at the time of the discovery of the fraud, the contract was wholly executory, or, in other words, the party complaining had not changed his position for the worse, and this brings us to a consideration of that feature of the case.

██ At the time when Thrower denied having made the promise to Brownlee, and when Brownlee actually discovered that the same would not be performed, the $1,000 check had been drawn and was in escrow in a bank in which Brownlee was interested and a director, and there was indorsed upon such check a memorandum that the same was not payable until Brownlee owed it. This meant, of course, it was not payable until such time as the contract of which it was a part had been fully and legally complied with to the point calling for its delivery. Any payment by the bank prior to that time would have been a breach of the escrow agreement under the terms of which it accepted the escrow. But,

whether the check carried this indorsement or not, it was but an escrow agreement, and payment had not been made in whole or in part by Brownlee, and the $1,000 thus evidenced was not beyond his control in the sense that he could not have stopped payment for any breach of Thrower's contract, and, being thus wholly executory, it was within his power, at the time he discovered the alleged fraud of Thrower, to protect himself fully against any loss whatever. Any payment whatever made by him after this was not made in belief of, and reliance upon, Thrower's promise, and any loss he sustained was a result of his own conduct and choice. His financial injury, if he has suffered one, was self-inflicted.

An examination of the cases cited by the Court of Civil Appeals above referred to will show that in not one of them was the contract wholly executory at the time the act of affirmance by the complaining party, sought to be held as a waiver of the fraud, was committed. In every one of them the contract had either been wholly performed or partly performed to such extent as that the complaining party could not have fully protected himself, and presents a case of real election of remedies under the rule first referred to in this opinion.

We therefore recommend that the judgment of the Court of Civil Appeals be reversed, and the judgment of the trial court be in all things affirmed.

CURETON, C. J. The judgment of the Court of Civil Appeals is reversed, and that of the district court is affirmed, as recommended by the Commission of Appeals.