PARISEAU *v.* TRINITY BUILDING CO.

1. VENDOR AND PURCHASER—RESCISSION—COMPROMISE AND SETTLEMENT—PERFORMANCE.

   In vendees' suit for rescission of land contract and other relief, where it appears that agreement in writing was entered into that plaintiffs would accept the property on condition that certain repairs and improvements were made by vendor, testimony *held*, sufficient to establish that agreement on part of vendor was fully performed.

2. SAME—FRAUD—WAIVER.

   Where vendees, after discovering misrepresentations as to property sold and defects in building, agreed in writing to accept the property on condition that certain repairs and improvements were made, and thereafter continued to make payments, they thereby waived, not only the right to rescind, but also the fraud.

3. SAME—FRAUD—WAIVER—FORECLOSURE.

   Where, in vendees' suit for rescission of land contract, it appears that fraud of vendor relied on was waived, vendor is entitled, on cross-bill, to decree of foreclosure of vendor's lien.

4. SAME—VENDOR'S LIEN—WAIVER.

   Vendor, by taking judgment for installments of purchase price past due, with interest, did not thereby waive its vendor's lien.

Appeal from Wayne; Lamb (Fred S.), J., presiding. Submitted January 7, 1931. (Docket No. 31, Calendar No. 35,368.) Decided April 23, 1931.

Bill by Urban Pariseau and another against Trinity Building Company, a Michigan corporation, and others to rescind a land contract and for other relief. Cross-bill by defendant Northwestern Investment Company for foreclosure and for other relief. From decree rendered, defendant Northwestern Investment Company appeals. Reversed, and foreclosure granted.

*James M. Cleary,* for plaintiffs.

*J. Gilbert Quail,* for defendant Northwestern Investment Company.

CLARK, J. On May 28, 1928, plaintiffs purchased on contract a new house and a lot from defendant Trinity Building Company, a corporation, which contract simultaneously was assigned by vendor to Northwestern Investment Company, a corporation. The Trinity Building Company continued, acted as the vendor, and collected and received payment from plaintiffs, the purchasers. Plaintiffs, although making some payments, complained of defects in construction of the house and of the condition of the lot. Finally, on February 28, 1929, after all claimed defects were known, it was agreed in writing that the property was accepted on condition that vendor do certain grading and sodding and repair sidewalk and roof. Testimony for plaintiffs respecting these repairs is contradictory, exaggerated, and unsatisfactory. Witnesses for defendants gave credible and convincing testimony that the repairs were made as agreed. We find that the agreement on the

part of the vendor was fully performed.  Plaintiffs, after this agreement, made payments and gave note promising to pay more.  Plaintiffs filed bill for rescission and other relief, and had decree for money damages to be credited on the contract.  Defendant Northwestern Investment Company has appealed.

The trial judge was of the opinion that by settlement and agreement of February 28, 1929, and acts pursuant thereto, the right to rescind had been waived.  We agree with him, but go further and hold that the fraud was waived.  So there can be recovery neither on the theory of rescission nor on the theory of affirmance.  There being now no fraud, there is no basis for rescission and no ground for recovery of damages.  See *Craig* v. *Bradley,* 26 Mich. 353; *Jensen* v. *Evans,* 230 Mich. 199; *Van Scherpe* v. *Ulberg,* 232 Mich. 699; 27 C. J. p. 24.

With the answer there is cross-bill praying foreclosure of vendor's lien, and in the brief it is urged that the relief be decreed.  Judgment was taken in October, 1929, against plaintiffs in common pleas court of Detroit for a total of several installments of the purchase price with interest.  By taking such judgment, vendor's lien was not waived.  *Zeigler* v. *Valley Coal Co.,* 150 Mich. 82 (13 Ann. Cas. 90); 39 Cyc. p. 1841.

Decree of foreclosure is granted to be settled in usual way.

Decree appealed from is reversed, with costs to appellant.

BUTZEL, C. J., and WIEST, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.