### HOPCUS et al. v. TREDWAY et al.
### No. 14496.

Court of Civil Appeals of Texas. Dallas.

Dec. 7, 1951.

Grady Niblo and Austin S. Dodd, of Dallas, for appellants.

Allen Clark, of Greenville, and Chandler Lloyd, of Dallas, for appellees.

BOND, Chief Justice.

This is an appeal from an order of a District Court of Dallas County sustaining the defendants' (appellees') pleas of privilege and directing transfer of the suit to Hunt County, the county of defendants' residence. · ·

Plaintiffs' (appellants') suit and controverting affidavit to the pleas of privilege are bottomed on an alleged breach of written contract that arose from oral negotiations between plaintiffs and defendants, which plaintiffs claim to be fraudulent in reference to the manufacture and sale of certain baby garments. Copies of the written contracts are attached to plaintiffs' affidavit, and the damages sought are specifically limited to damages, or "loss or profits for breach of contract or agreement," in an amount "set forth" in their attached sworn itemized account, aggregating the sum of $16,657.04.

The contracts in suit, pertinent here, require of the plaintiffs to manufacture 800 dozen of the baby garments per week for a period of six months,—a total of 20,800 garments; and the defendants were obligated to take and pay $5.50 per dozen for such garments. The itemized sworn account attached to plaintiffs' petition shows that the plaintiffs manufactured the contracted number of garments and delivered to the defendant 2,245 dozen; and that after deducting the contract price for the garments delivered and other items of credit to defendants' account, there remained "net damages sued for," in the sum of $16,-657.04. Furthermore, plaintiffs allege "that had the defendants kept their agreement and not breached the same, had they accepted the garments as produced by the plaintiffs, at the rate of 800 dozen per week, the plaintiffs could have and would have earned a profit of $20,800."

It is evident, we think, that plaintiffs' suit is upon contract induced by alleged fraudulent representations, and that plaintiffs seek damages perforce of its breach. Such being the nature of the suit (not one for rescission or for damages incident to alleged fraud), the plaintiffs elected to confirm, ratify, and stand entirely upon the contracts and the breach thereof. Such are the merits of plaintiffs' suit to be tried in the proper venue.

Plaintiffs contend that the venue of their suit is in Dallas County, under subd. 7 of the Venue Statute, Art. 1995, R.S., Vernon's Ann.Civ.St. Art. 1995, subd. 7, providing: "In all cases of fraud * * * suit may be brought in the county where the fraud was committed". The suit, however, was brought on contract, and not for rescission, and the fraud claimed to have been exercised to induce the execution of the contract is immaterial on the issue of venue. As pointed out in the case of Uvalde Construction Co. v. Joiner, 132 Tex. 593, 126 S.W.2d 22, 24, Joiner relied upon fraud to avoid a contract entered into between him and the Construction Company; but his petition, as here, including his prayer for relief, clearly affirmed the contract. The Commission of Appeals, opinion adopted by the Supreme Court, held: "Having elected to treat the contract as valid and to recover damages on account of its breach, he could not maintain a suit for rescission. This is a well settled elementary principle. Thrower v. Brownlee, Tex.Com.App., 12 S.W.2d 184; Kennedy v. Bender, Tex.Civ. App., 140 S.W. 491; Evans v. Southern Methodist University, Tex.Civ.App., 87 S.W.2d 918, reversed on other grounds in [131] Tex. [333], 115 S.W.2d 622; 20 Tex. Jur. p. 121, Sec. 81 and authorities there cited; 12 R.C.L. 409, 410, Sec. 155; 27 C.J. 18, Sec. 128." And in Bunger v. Campbell, Tex.Civ.App., 183 S.W.2d 1001, 1002, the suit was on contract induced by fraud. The Amarillo Court of Civil Appeals pronounced: "The rule is well settled that even though a contract may have been induced by fraud, where the innocent party elects to sue on the contract rather than for

his damages for the fraud, he cannot rely on the fraud to fix the venue of his suit." In that case the Court quotes, with approval, the holding in Neal v. Barbee, Tex.Civ. App., 185 S.W. 1059: "The suit is on an itemized account for debt and not a prosecution for swindling or conspiracy, nor for damages growing out of either, nor for actionable fraud committed in Nolan county. * * * Where, however, a party elects to sue on his contract rather than for his damages for fraud, trespass, or conversion, he waives the fraud, trespass, or conversion as a fact fixing the venue of his suit." To the same effect are the holdings in Dowell v. Long, Tex.Civ.App., 219 S.W. 560; Latshaw v. McLean, Tex.Civ.App., 238 S.W. 1003; Bateman v. McGee, Tex.Civ. App., 50 S.W.2d 374, and many other authorities on the point.

We are unable to differentiate between the pleadings and evidence in the instant case and that of the cited cases. It necessarily follows that the venue of the suit is in Hunt County, Texas, and the judgment of the trial court sustaining defendants' pleas of privilege should be affirmed. It is so ordered.