**Wm. A. RAWLINS, d/b/a Rawlins Trailer Sales, Appellant,**

v.

**A. J. McINTYRE, Jr., et ux., Appellees.**

**No. 7187.**

Court of Civil Appeals of Texas.

Texarkana.

Oct. 6, 1959.

Samuel J. Wiesenthal, Bernard S. Stolbun, Houston, for appellant.

Robert F. Atkins, Cold Springs, for appellees.

CHADICK, Chief Justice.

This is a venue case. The judgment of the trial court overruling a plea of privilege is affirmed.

A. J. McIntyre, Jr., and his wife, Lois, as plaintiffs sued Wm. Rawlins, d/b/a Rawlins Trailer Sales in the District Court of San Jacinto County for damages in the sum of $4,556.40, and for other relief. The nature of the McIntyres' petition will be discussed in connection with the legal issues raised by the appellees. However, it alleged that Wm. A. Rawlins, the appellant, was a resident of Harris County, Texas. Rawlins filed a plea of privilege asserting that Art. 1995, Vernon's Ann.Civ.St., fixed exclusive venue of the case in Harris County, Texas, and that no exception thereto existed. The McIntyres controverted Rawlins' plea and asserted that venue lay in San Jacinto County under Sec. 7, Article 1995, providing " * * * in all cases of fraud * * * suit may be brought in the county where the fraud was committed," and incorporated plaintiffs' petition as a part thereof.

A hearing was had upon the issues thus made. The controverting affidavit, the plaintiffs' original petition, and the deposition of Mrs. Lois McIntyre were offered in evidence. Before judgment no objection was made to the pleadings nor to the introduction of any evidence offered. No findings of fact or conclusions of law were requested and none filed.

The appellant Rawlins seeks a reversal upon one point of error. It is his position that fraud as the basis of the suit is neither pled nor proved; but, to the contrary, the appellees' action is based upon breach of a contract alleged to have been induced by fraudulent representations and that venue of the suit is not controlled by the fraud exception.

██ The appellant questions the sufficiency of the petition and controverting affidavit for the first time after judgment, so this court in construing the trial petition is required to indulge in every reasonable intendment in favor of the pleading. See 33 Tex.Jur. 636, Sec. 182. The evidence likewise must be considered in the aspect most favorable to the judgment. See Barker v. Coastal Builders, 153 Tex. 540, 271 S.W.2d 798. Accordingly, examination of the petition reveals allegations that, as to the replacement house trailer, the appellant represented that it was new and was equipped with a 20-gallon water heater; that the appellees believed and relied upon such representations; that the representations were false; that the appellant knew or should have known at the time he made the representations that they were false; and that appellees sustained loss by reason thereof. Evidence was offered that the replacement trailer was represented to be new and was equipped with a 20-gallon water heater; that the trailer was damaged requiring extensive repair and replacement of major components; that it was equipped with a 10-gallon water heater. The witness' deposition related that the appellees believed and relied upon the representations and were damaged.

██ It may well be that the pleading considered from one viewpoint confirmed the contract and sought damages for its breach; but from another view, applying a liberal construction, the pleading was susceptible of a construction stating a cause of action based upon fraud. The pleadings do not state the theories in the alternative but this court must assume that the fraud theory is the one upon which it was tried and judgment entered by the trial court. The statement of facts shows counsel for the parties and the court tried the case upon the fraud theory. Where no findings of fact or conclusions of law have been requested or filed, this court is required to af-

firm the judgment of the trial court if it may do so upon any theory of the case finding support in the record. See Loggins v. Stewart, Tex.Civ.App., 218 S.W.2d 1011, wr. ref.; Rule 297. Prior to the 1953 amendment when a distinction between active and passive negligence under Sec. 9, Article 1995, was material to a decision in a venue case, it was held that in cases where both active and passive negligence were alleged and the judgment supported a trial court finding of active negligence, on appeal it would be presumed that the judge found facts favorable to the judgment supporting the active negligence theory. See Edwards v. Hawkins, Tex.Civ.App., 77 S.W.2d 1098, n. w. h., and Starns v. Sumners, Tex.Civ.App., 239 S.W.2d 880, n. w. h. By analogy the fraud theory having been pled, and unquestionably the trial court proceeded to judgment upon that theory, presumptively the court found facts to support it, otherwise the plea of privilege would have been sustained. The question remaining is whether or not the evidence is sufficient.

The evidence is not as full and satisfactory as might be desired, but in its most favorable aspect it supports the judgment. The judge as the trier of the facts did not abuse the discretion vested in him in finding from the evidence disclosed by the record and the legitimate inferences to be drawn from it that a house trailer that was damaged to such an extent that a component part had to be replaced and major repairs made was not a new trailer in the sense that "new" was used in the representation and the judge could reasonably conclude that a representation that it was new was false or should have been known to be false by appellant at the time he made the representation and that the representation was believed and relied upon by the appellees to their damage.

Concluding that no error is shown, appellant's point of error is overruled.

The judgment of the trial court is affirmed.