**TEXARKANA WATER SUPPLY CORPORATION, Appellant,**

v.

**L. E. FARLEY, INC., et al., Appellees.**

No. 13869.

Court of Civil Appeals of Texas.

Houston.

Jan. 25, 1962.

Raffaelli & Keeney, John D. Raffaelli, Texarkana, for appellant.

Liddell, Austin, Dawson & Sapp, W. Robert Brown, Houston, for appellees.

WERLEIN, Justice.

This is an appeal from an order overruling appellant's plea of privilege. Appellees, L. E. Farley, Inc., a corporation with its principal office and place of business in Houston, Harris County, Texas, and C. M. Ham, d/b/a Ham Construction Company, a resident of Harris County, filed suit against Texarkana Water Supply Corporation, a corporation formed and owned by the City of Texarkana, Texas, with its principal office and place of business in Bowie County, Texas, the American National Bank & Trust Company of Chicago, a national banking corporation having its residence and domicile in Chicago, Cook County, Illinois, and the Texarkana National Bank, a national banking corporation having its residence and domicile in Texarkana, Bowie County, Texas, to recover from appellant certain damages alleged to have been incurred in connection with a contract between appellant, Texarkana Water Supply Corporation, as owner, and appellees as contractors, covering the construction of a raw water supply line to serve the municipally owned water system of Texarkana, Texas. Each of the defendants filed a plea of privilege, but only appellant's plea was set for hearing since the co-defendant banks waived their pleas by filing motions for summary judgment which were overruled.

The co-defendants are trustees under a deed of trust relating to the property in question, and are agents and attorneys in fact for the beneficiaries and bond holders under the deed of trust. Appellees also seek foreclosure of their constitutional and statutory mechanics' and materialmen's liens together with a determination that same are prior and superior to any right or claim of co-defendants to the property in question. It will be unnecessary to discuss this phase of the case in view of our holding herein.

The evidence shows that the City of Texarkana, Texas, has owned and operated its municipal water system since 1948. Being unable to issue additional bonds because the revenue from its water system did not permit, the City, in order to enlarge its water system, formed or caused to be formed in 1957 The Texarkana Water Supply Corporation, under Art. 1434a, Vernon's Annotated Texas Civil Statutes, as amended, for the purpose of obtaining funds through the sale of bonds of such corporation. Upon learning that appellant was inviting bids on a raw water transmission pipe line, appellees obtained copies of the plans, specifications and bidding documents. They inspected the terrain over which the line was staked and made certain investigations prior to submitting their bid which was accepted. They contend that they submitted their bid in reliance on the misrepresentation in the bidding documents that appellant "has obtained" right of way. The provision in question reads:

"*RIGHT OF WAY*: The owner will provide all necessary right-of-way along the route of the water supply line. The wisth of right-of-way on private property will be thirty (30')

feet normally; however, the Owner has obtained an easement for construction purposes of fifty (50′) feet. * * *."

Appellees allege in their petition an alternative cause of action for damages based on fraud committed in Harris County, and in their controverting affidavit they plead that venue was properly laid in Harris County by virtue of Subdiv. 7 of Art. 1995, which provides that in all cases of fraud suit may be brought in the county where the fraud was committed. The allegations concerning fraud are sufficiently pleaded by appellees. It is appellant's contention, however, that the use of the words "has obtained" in the provision hereinabove set out was a mere clerical error; that the contract was made in Bowie County and no fraud was committed in Harris County; that even if there was a misrepresentation in the bidding documents, there is nothing to show that appellees were misled as to the easements; that by suing on the contract, appellees have waived any alleged fraud in its inducement; and that fraud is not the gist of appellees' cause of action.

■ There is nothing to show that the misrepresentation contained in the provision hereinabove set out, was a mere clerical error or that the provision is ambiguous. It clearly states that the owner "has obtained" an easement for construction purposes of 50 feet. This statement does not conflict with the first part of the provision that the owner will provide all necessary right of way and that the right of way on private property will be 30 feet normally. The representation is contained in the special provisions of the document distributed to induce bidders. There can be no question as to the materiality of the representation or as to damages suffered by appellees.

■ We do not think appellees waived fraud by suing alternatively for breach of contract. They were careful to plead in the alternative the different grounds or theories upon which they relied for recovery. Fraud

is the gist of the cause of action in their pleading alleging the elements of fraud and the damages suffered by them as a result thereof, and indeed the alleged misrepresentation is the gist of the entire action. Under Rule 48, Texas Rules of Civil Procedure, "A party may set forth two or more statements of a claim or defense alternatively or hypothetically, either in one count or defense or in separate counts or defenses."

The cases relied upon by appellant are factually inapplicable to the present case. In Caprock Machinery Company v. Boswell, Tex.Civ.App.1958, 318 S.W.2d 669, writ dism., the court was of the opinion that appellee didn't show any fraud and especially he did not show that any fraud was committed in Gray County where the suit was brought, but if such were not so, venue could not be sustained in the county where the fraud was alleged to have occurred in inducing the execution of the contract because where one sues for breach of contract he waives the fraud as a fact in fixing venue. In that case there was no alternative cause of action pleaded as there is in the present case. In the cases cited by appellant an election had been made by the plaintiff to sue for breach of contract, and not to sue alternatively for damages resulting from fraud. See Hopcus v. Tredway, Tex.Civ.App.1951, 244 S.W.2d 857, and cases cited.

In Cockburn v. Dixon, 1953, 152 Tex. 572, 261 S.W.2d 689, the court in effect held that under Art. 4004, V.A.T.S., the cause of action was for fraud and not for breach of contract and hence the lower court in overruling defendant's plea of privilege properly applied Subdiv. 7, Art. 1995.

■■ We think it would serve no useful purpose to discuss the other cases cited by appellant. The holdings in such cases merely support the general rule which is well settled, that even though a contract may have been induced by fraud, if the innocent party elects to sue on the contract

rather than to recover damages for the fraud, he cannot rely on the fraud to fix the venue of his suit. Bunger v. Campbell, Tex. Civ.App., 183 S.W.2d 1001, and cases cited. Murray v. Frankland, Tex.Civ.App., 347 S.W.2d 374. These cases do not in any way militate against our conclusion that where the plaintiff pleads in the alternative two independent causes of action or theories relied upon for recovery, one for damages resulting from fraud and the other for breach of contract, whether in one count or separate counts, venue may be sustained in the county where it is alleged and established the fraud was committed. The plaintiff is not required to elect at the hearing on the plea of privilege the cause of action, claim or count that he may ultimately decide to rely upon for recovery when the case is tried on the merits. As stated in McDonald, Texas Civil Practice, Vol. 2, p. 571, § 6.20:

"Wisely disregarding ancient prejudices against alternative pleading, the appellate courts of Texas traditionally have allowed the plaintiff great freedom in the allegation of multiple theories of recovery * * * Two intensely practical considerations support this rule. In the first place, a plaintiff with a single claim may be uncertain either as to the fact propositions which may be established at the trial, or as to the rules of substantive law which the court will deem applicable to the established facts, and therefore, in order to hedge against all contingencies, may need to plead his claim to fit multiple theories and often seek alternative and inconsistent relief."

In further support of the above conclusion, see Rawlins v. McIntyre, Tex.Civ.App. 1959, 330 S.W.2d 524; Murray v. Frankland, supra; Cockburn v. Less, Tex.Civ.App., 257 S.W.2d 470, 475–476.

■■ It is our view that there is evidence supporting the trial court's presumptive finding that the alleged fraud was committed in Harris County. The booklet circulated by appellant to appellees and other prospective bidders contained the written misrepresentation. The evidence shows that on July 11, 1957, after appellees' bid had been accepted, the unsigned contracts were mailed in Fort Worth by Freese & Nichols, consulting engineers representing appellant, to appellees in Houston where they were signed by appellees. The testimony of Mr. Mahon, the representative of appellee Farley, that the false representation in the bidding documents was read and relied upon by appellees in Houston, is uncontroverted. It establishes that the fraud was committed in Harris County. In Brown v. Gray & Wilmerding, Tex.Civ.App., 256 S.W. 977, this Court said: "Nor can it be doubted, we think, that the fraud thus appearing was committed in Harris county, where the letter embodying it was received and acted upon. Commercial Nat. Bank v. First Nat. Bank (Tex.Civ.App.) 77 S.W. 239."

■ Appellant asserts that even if appellees were misled by the false representation when preparing their bid, the evidence shows that after the bids were opened, for a period of five days when the specifications and plans were being revised and changed so as to bring the total of the low bids within the amount of money available, the question of procuring the easements and the time it would take to procure them and the cost thereof, was discussed time and time again, and that at such conferences appellee Ham or other representatives of appellees were present, and that no attempt is made by appellees to prove that such representatives did not hear such conversations. The trial court presumptively found that appellees were not informed of the true facts concerning the right of way prior to signing the contract and beginning the construction of the pipe line. The court heard all the evidence and resolved the conflict in appellees' favor in overruling the plea of privilege. In the absence of findings of fact and conclusions of law, this Court is required to affirm the judgment of the trial court if it may do so upon any theory of

the case finding support in the evidence. Rawlins v. McIntyre, supra; Loggins v. Stewart, Tex.Civ.App., 218 S.W.2d 1011, writ ref.; La Force v. Bracken, Tex.Civ. App., 163 S.W.2d 239, aff'd 1943, 141 Tex. 18, 169 S.W.2d 465.

■ We think there was ample evidence supporting the court's resumed finding that appellees did not have knowledge prior to beginning construction that the right of way had not been obtained. Mr. Mahon testified that at the July meeting at the Water Company in Texarkana what he understood about the easements was to the effect the right of way would be no problem; that he asked the Farley men around there what was told them at the bidding about the right of way, and they answered that they were told the right of way would be no problem. Mr. Shirley, a former employee of Farley, and superintendent in general charge of the construction project in question, testified that he seemed to remember the reference made that the right of way is no problem. We are of the view that there is no conflict in the statements that the right of way has been obtained and that the right of way is no problem.

There is evidence that appellees were not aware that the right of way had not been obtained until after they had been ordered to commence the work on August 23, 1957, and had "rigged up" for the job with heavy construction equipment and had started bulldozers clearing the right of way for trenching. After clearing approximately 3300 feet of right of way, appellees were halted in their construction because the right of way had not been obtained. Mr. Shirley testified that before that date, August 27, 1957, he had no idea that right of way was not available. The evidence also shows that on November 4, 1957, Mr. Mahon complained to Mr. Norton, the resident engineer of Freese & Nichols, that the specifications stated the City had the right of way before the contract was let. Mr. Mahon testified in substance that if Mr. Norton did not relay such complaint in November, 1957, then April was the first time he (Mahon) told any official of appellant that appellees had been misled by the specifications.

■ The evidence amply supports the trial court's presumed finding not only that appellees had moved heavy construction equipment including bulldozers to the site of the work, and had cleared 3300 feet of right of way before ascertaining that the right of way easements had not been obtained, but also the presumed finding that appellees did not waive their cause of action for fraud by completing the construction since the contract had been partly executed by appellees and they had changed their position for the worse prior to discovery of the fraud. Thrower v. Brownlee, Tex.Com. App.1929, 12 S.W.2d 184, and cases cited; Andrews v. Powell, Tex.Civ.App.1951, 242 S.W.2d 656. See also 26 Tex.Jur.2d, p. 37, § 89, where it is stated: "However, affirmance of a partly executed contract does not, ordinarily, preclude the defrauded party from recovering damages for the fraud."

In view of our holding with respect to venue being established in Harris County, under Subdiv. 7 of Art. 1995, V.A.T.S., we find it unnecessary to discuss appellant's other points or the additional grounds relied upon by appellees in support of the judgment of the trial court.

Judgment affirmed.