**HAYS et al. v. DUMRAESE et al.**

No. 10923.

Court of Civil Appeals of Texas.
San Antonio.
March 19, 1941.

Rehearing Granted May 14, 1941.

Appellees' Rehearing Granted June 18, 1941.

Dibrell, Mosheim & Campbell, of Seguin, for appellants.

Mueller & Mueller, of Seguin, for appellees.

MURRAY, Justice.

This is a suit in trespass to try title by F. W. Dumraese and four other persons, against Kittie Hays and a number of others, seeking to recover the title and possession of two tracts of land, of forty acres each, situated in Guadalupe County, Texas. There is no complaint made of the action of the court as to the first forty-acre tract, and all of the assignments complain only of the court's action in awarding the second forty-acre tract to the plaintiffs.

Seven of the defendants below have prosecuted this appeal.

Appellants assert a claim to an undivided one-half interest to the second tract, as the heirs and assignees of Catherine Smith Patterson, alleging said forty acres to be the community property of Wash Patterson and his first wife, Catherine Smith Patterson. The appellees assert title to the entire forty acres as the assignees of Wash Patterson.

The parties agreed that Hiram Wilson, Sr., was the common source of title, and that the only question to be decided was, whether the forty acres was the separate property of Wash Patterson or the community property of Wash Patterson and his first wife, Catherine Smith Patterson. The appellants are either the heirs, or the assignees of the heirs, of Catherine Smith Patterson, and if the property was community property they should recover a half interest therein, but, on the other hand, if it was the separate property of Wash Patterson, then the entire tract should be re-covered by appellees as the assignees of Wash Patterson.

Bearing upon this question of community property, vel non, appellees offered in evidence the original petition in cause No. 2888, styled Wash Patterson v. L. Illsley, Administrator of the Estate of Hiram Wilson, et al., filed in the District Court of Guadalupe County, Texas, on October 21, 1886. Said petition alleged, among other things, that Hiram Wilson deceased, "about the year 1872, by parol sold and put petitioner in possession of eighty acres of land in said (Guadalupe) county and for which petitioner paid the said Hiram dec'd. eighty dollars, the price therefor being one dollar per acre, and petitioner at once took possession of said land, made valuable improvements thereon, and has lived thereon as his homestead ever since." Appellees next offered in evidence the judgment of the District Court of Guadalupe County, Texas, in cause No. 2888, styled Wash Patterson v. Leonard Illsley et al., dated May 13, 1887. This judgment shows upon its face that it was an agreed judgment and awarded a tract of land to Wash Patterson which included the forty acres herein involved.

The appellants tendered in evidence a tax collector's deed to John Ireland, dated February 27, 1880, conveying to Ireland 603 acres of land, which included the forty acres herein involved. The court, upon objection, excluded this deed.

Appellants next offered in evidence a deed from John Ireland to Wash Patterson, dated July 22, 1881, which recited that for and in consideration of the sum of $3.80 paid by Wash Patterson, John Ireland sold, released and quitclaimed to him the forty acres herein involved. Appellants next introduced the marriage record of Wash Patterson and Catherine Smith, showing that they were married on December 19, 1878.

Ben Hays was offered as a witness and testified that Wash Patterson, prior to his marriage to Catherine Smith, was living with his parents and did not move upon the forty acres herein involved and make improvements thereon until after his marriage to Catherine Smith, in 1878.

Appellants next attempted to prove by P. E. Campbell, who is one of the appellants herein, that he had an oral conversation with A. P. Anderson, through whom appellees claim, in which conversation Anderson, the then owner of the forty acres, acknowledged the interest of appellants in

this land and offered to partition the same, but upon Campbell's suggestion he agreed it was better not to partition the land. At the time of the trial A. P. Anderson was deceased.

Appellants first assign as error the action of the court in excluding the tax deed from the tax collector to John Ireland conveying to him certain land, including the forty acres herein involved. We conclude there was no reversible error committed by the trial court in this respect. The recitals in a tax deed executed in 1880, that "I, Wm. Dunn, Tax Collector of Guadalupe County, in compliance with the law * * * have advertised the said lands in the manner and for the time required by law; * * * I did offer said land for sale at public auction at the time, place and in the manner required by law * * *" under 8 Gammel's Laws, p. 1099, § 18, then in force, were mere conclusions of the collector, and not proof of the validity of the tax sale, nor prima facie evidence of the truth of the facts recited in the deed. Land v. Banks, Tex.Com.App., 254 S.W. 786, 30 A.L.R. 1.

Even if said deed had been admitted in evidence, it would have been immaterial, as the record further shows that Wash Patterson was permitted to redeem this land in 1881 by payment of the sum of $3.80, and under the law as in effect at that time Ireland would not acquire title until he had held the land for two years under a tax deed. This transaction amounted to nothing more than a payment of delinquent taxes by Wash Patterson. Bente v. Sullivan, 52 Tex.Civ.App. 454, 115 S.W. 350.

Appellants next complain because the court would not permit them to prove by the parol evidence of Ben Hays, one of the appellants and husband of Kittie Hays, another appellant, the contents of a letter supposed to have been written by Wash Patterson during his lifetime. Such testimony is rendered incompetent and inadmissible in a suit of this nature by Art. 3716, R.C.S.1925. The testimony being inadmissible and the trial court having excluded the same, it becomes unimportant what objection was offered to its admission in the trial court.

The proffered testimony of P. E. Campbell, to the effect that A. P. Anderson had orally acknowledged to him that appellants had an interest in the land in suit, is likewise inadmissible under the provisions of said Art. 3716, P. E. Campbell being one of the appellants, and this being a suit against the heirs of Wash Patterson.

The evidence was sufficient to support the implied finding of the trial court, to the effect that Wash Patterson purchased the forty acres in suit from Hiram Wilson, Sr., in the year 1872, paying at the time the sum of $1 per acre. There was no written conveyance, but later Wash Patterson moved on the land and made valuable improvements thereon. When the improvements were made the title was made a valid title ab initio. In other words, when the improvements were made on the land this parol sale was relieved from the application of the statutes of fraud, Art. 3995, § 4, Vernon's Ann.Tex.Statutes, which provides:

"No action shall be brought in any court in any of the following cases, unless the promise or agreement upon which such action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be 'charged therewith or by some person by him thereunto lawfully authorized: * * *

"4. Upon any contract for the sale of real estate or the lease thereof for a longer term than one year * * *."

See Hand v. Errington, Tex.Civ.App., 233 S.W. 567.

The judgment is affirmed.

### On Motion for Rehearing.

In our original opinion we held that the court did not err in excluding the proffered testimony by the witness Ben Hays as to the contents of a lost letter supposed to have been written by Wash Patterson to his daughter, Kittie Hays. Our holding was based upon the belief that this testimony was rendered incompetent by the provisions of Art. 3716, Vernon's Ann.Civ.Stats. A more careful examination of the record reveals the fact that all heirs of Wash Patterson had either disclaimed or been dismissed from the suit before it went to trial. The appellants, Kittie Hays and Ben Hays, are not suing herein as heirs of Wash Patterson, but only as heirs of Catherine Smith Patterson, their deceased mother. No administrator or executor of Wash Patterson is a party to this suit, therefore, we were in error in holding this testimony was rendered incompetent by reason of that article of the statutes. The contents of a lost letter could be proved by parol, not as an instru-

ment in the chain of title but as an admission (if any) against interest by Wash Patterson. The testimony was not subject to the objection urged and the trial court erred in excluding the testimony under the record as made.

While this was a trial before the court without the intervention of a jury, we cannot say that the trial court would not have arrived at a different conclusion on the facts if the proof of the contents of the lost letter had been received in evidence.

■ We adhere to our ruling with reference to the witness P. E. Campbell. This was a suit in part against the heirs of A. P. Anderson, deceased, and Art. 3716 would exclude any testimony by interested parties concerning alleged statements of A. P. Anderson, deceased.

Appellants' motion for a rehearing will be granted, our judgment heretofore entered affirming this cause will be set aside, and judgment now rendered reversing the judgment of the trial court and remanding the cause for another trial.

Reversed and remanded.

### On Second Motion for Rehearing.

Appellees now argue that the contents of the alleged lost letter show that it does not constitute or contain any admissions by Wash Patterson as to the property being community property. The contents of the letter were testified to by Ben Hays, as shown by appellants' bill of exception No. 3, and is as follows: "Well, he told my wife he went to consult Judge Greenwood about his property, and that Judge Greenwood advised him not to divide his property if he wanted it as a homestead, to let it stay together until after his death, and then it would be divided equally among his children—that property. That is what he wrote in the letter."

We agree with the contention advanced. All that Wash Patterson said was that he went to consult Judge Greenwood. The rest of the letter is what his lawyer told him.

■ Judge Greenwood told him, according to the testimony, that after his death his property would be divided equally between his children. He had children other than those by his first wife. If the property was community property it would not be divided equally between his children by his first wife and his children by his subsequent wives. It would seem that the

letter, instead of being an admission that the property was community property would be a denial of such fact.

■ Appellant was not injured by the exclusion of the alleged lost letter, inasmuch as it did not contain an admission against interest by Wash Patterson.

Appellees' motion for a rehearing will be granted, our judgment entered herein reversing and remanding the cause will be set aside and judgment now entered affirming the judgment of the trial court.