## POTIER v. COOK.

### No. 5864.

Court of Civil Appeals of Texas. Texarkana.

Dec. 19, 1941.

Rehearing Denied Jan. 8, 1942.

E. L. Myers and R. L. Lattimore Jr., both of Paris, for appellant.

Edgar Wright and C. A. Martin, both of Paris, for appellee.

WILLIAMS, Justice.

P. Potier and Fannie Potier were married March 27, 1935. For years prior thereto and at the time of the marriage, P. Potier occupied as his homestead a 163-acre farm situated in Lamar County, Texas. The couple occupied the farm as a homestead from the date of marriage until their separation in the spring of 1937. P. Potier, who continued to live there alone after the separation, was found dead in his home November 24, 1938. His wife, who had lived elsewhere during this interval of twenty months, returned to and took possession of the farm on the day following his death. The farm was the separate estate of deceased at the time of the marriage. Under a stipulation in the statement of facts, P. Potier at the time of his death left no living relative or kin. At that time he and Fannie were not divorced.

Dr. F. G. Cook, who filed this suit against Fannie Potier, pleaded that the latter had abandoned her husband and the farm as her homestead in the spring of 1937; that on June 13, 1938, the deceased executed and acknowledged a deed conveying to Dr. Cook the fee simple title to the farm; and that this deed contained a general warranty clause. Plaintiff alleged that on June 13, 1938, "P. Potier delivered said deed to plaintiff, but plaintiff, after accepting the deed, returned it to Potier, requesting Potier to keep the deed for him and telling Potier that plaintiff wanted him to live on the land until he, Potier, died." He alleged that defendant had obtained possession of this deed when the latter entered and took possession of the residence on the farm and that if she had not destroyed same, it was in her possession. In his pleading he made demand that she produce the deed on the trial, or secondary evidence would be offered to prove its contents. Plaintiff further alleged that the land involved was the homestead of P. Potier at and prior to his death; and that Potier left no children or relatives to survive him; that he left no real estate, the same having theretofore been conveyed to plaintiff. Pleading in the alternative, plaintiff alleged a trespass to try title action in statutory form. In his prayer for relief he asked for judgment for title and possession of the premises; for damages; and in the event the deed was not produced by defendant, then for judgment establishing its contents, execution and delivery unto him; and if produced in the trial, then for judgment establishing its execution and delivery.

Defendant answered with general and special exceptions, denials and plea of not guilty. She set up that she was the sole surviving heir of P. Potier. She denied that she had abandoned the farm as a homestead, and alleged that because of harsh and cruel treatment by her husband she had been forced to leave him and the homestead and live elsewhere. She prayed that plaintiff take nothing and if the execution of such a deed as claimed by plaintiff be established that it be declared null and void and same be cancelled as a cloud on defendant's title.

The jury found that P. Potier on the date alleged signed and acknowledged the deed as claimed by plaintiff; P. Potier delivered the deed to plaintiff; and that after it had been delivered to plaintiff, the latter gave the deed back to P. Potier to be kept by Potier for plaintiff until Potier's death. The jury found in response to issue No. 4 that Fannie Potier in 1937 "left the home of P. Potier and thereafter lived apart from him until his death;" to issue No. 5, that she did not voluntarily separate from and leave P. Potier for the purpose of abandoning him and did not leave him with intention of not returning to him as his wife; and to Nos. 6 and 7, that P. Potier was not guilty of cruel treatment or outrages towards her. The judgment entered awarded plaintiff title and possession of the land involved, and established the execution and delivery of the deed conveying title out of P. Potier to plaintiff.

Premised upon the contention that this is a suit against an heir in which judgment may be rendered against a party to the suit as an heir, Article 3716, R.C.S. of 1925, appellant's third proposition attacks the action of the court in permitting appel-

584

lee to testify that on or about June 13, 1938, when witness met P. Potier, the latter "asked me to go to the office, he said he wanted to talk to me, and he told me he had a deed and he took it out of his pocket and showed it to me."

"Q. What, if anything, did you do with the deed after Potier gave it to you? A. Gave it back to him. * * * I told him to keep it and when he died I would get the deed, to keep it for me until he died. * * * Afterwards, every time I went out to 'his house, he (Potier) would have something to say about it (the deed) * * * Says, 'If anything happens, you will find that deed in that large trunk' or in a large book he had in the trunk * * * and to look for it in one of those two places." Similar complaint is made to the court's action in permitting appellee's wife to testify that Potier told witness he had executed a deed conveying the farm to her husband; heard deceased say on more than one occasion that he wanted Dr. Cook "to have it"; and that the deed would be in a box in the trunk. Objections to admissibility of above evidence was timely urged.

C. A. Martin, former county judge of Lamar County, testified that P. Potier signed and acknowledged a deed before him on June 13, 1938, which witness had theretofore drafted at Potier's request, which under its terms conveyed to appellee the fee-simple title to the land in controversy; that a cash consideration of $2,000 was inserted in the deed at the request of Potier; and the instrument contained a general warranty clause. Judge Martin further testified that Mr. Potier remarked on leaving the office that "he was going to leave it to Dr. Cook, that Dr. Cook had been furnishing him money and personal property." The evidence reflects that appellee and his wife, close neighbors, had furnished supplies, money and medical care to P. Potier, a man nearing ninety at the time of his death, and had been kind and attentive to the old man over a period of twenty years. The alleged deed was never filed for record, nor was it produced in the trial. Several requests to be permitted to search the trunk and other personal effects of P. Potier in the residence were refused by appellant and members of her family. Appellant did not testify.

Under above observations, the delivery. of the deed, an essential requisite, 16 Am. Jur. p. 499, became a material inquiry. The only direct evidence bearing upon the delivery of the alleged deed is that of Dr. Cook and his wife, above detailed. It is patent that this testimony was material upon the issue of delivery, and involves statements of and transactions with the deceased. Litigants having agreed that no relative or kin survived deceased, then under the provisions of Section 2, Article 2571, R.C.S. of 1925, the surviving wife of deceased would inherit the land in controversy. in the absence of a conveyance by deceased prior to his death. Plaintiff sought to establish this prior conveyance. Although he was not and did not sue as an heir, the fact remains that the wife defended as the sole heir, and the judgment entered is binding upon the defendant as such. It is therefore concluded that the testimony of Dr. Cook complained of comes within the provisions of Article 3716, supra, and is of such a material nature as to require a reversal of the judgment. Spencer v. Schell, 107 Tex. 44, 173 S.W. 867; Hall v. Collins, Tex.Civ.App., 151 S.W.2d 338, writ refused; Peil v. Warren, Tex.Civ. App., 187 S.W. 1052, writ refused; Hays v. Dumraese, Tex.Civ.App., 153 S.W.2d 225, writ refused; McCormick & Ray on Evidence, Sec. 151. In support of the trial court's action in admitting this testimony, there is cited Ivy v. Ivy, Tex. Civ.App., 128 S.W. 682; Lassiter v. Bouche, Tex.Com.App., 14 S.W.2d 808, and Newton v. Newton, 77 Tex. 508, 14 S.W. 157; Crenshaw v. Harris, 16 Tex. Civ.App. 263, 41 S.W. 391. Although these authorities may lend support to the trial court's action, it is thought that under this record Article 3716, supra, is applicable, this suit being against an heir and the judgment to be rendered would be in favor of or against an heir as such.

The conclusion relating to the admissibility of Dr. Cook's testimony is likewise applicable to above testimony given by the wife of plaintiff. Finley v. Pafford, Tex.Civ.App., 104 S.W.2d 163; 14 T.J. Sec. 541, p. 325, and authorities there cited. The marriage of Dr. Cook and wife existed on date of the alleged delivery of the deed. In the absence of testimony to the contrary, property acquired during marriage is presumed to be community property. Article 4619, R.C.S.1925, Vernon's Ann.Civ.St. art. 4619; 23 T.J. Sec. 307, p. 356.

In the absence of the testimony of Dr. Cook and his wife, herein set out, the establishment of the delivery of the deed to plaintiff or of its delivery in escrow for him would rest upon circumstantial evidence. Although such circumstantial evidence is of weight, this court would not be warranted in holding under such circumstantial evidence that delivery of the deed was established as a matter of law.

The jury's findings to issues Nos. 4 to 7, inclusive, relate to the question of appellant's abandonment of the farm as a homestead. A determination of this question would become pertinent if and when the execution and delivery of the deed from P. Potier to appellee is established. As the grounds upon which this cause is being remanded relates to the delivery of the deed, essential to a conveyance of the property, a discussion of the effect of above issues becomes unnecessary in the disposition of this appeal. For the same reason, we pretermit a discussion of the matters complained of in the 4th proposition. The criticism leveled to the contents of issues Nos. 5 and 7 will likely be eliminated upon another trial.

For the reasons indicated, the judgment is reversed and the cause is remanded.