**Olivia VILLARREAL et al., Appellants,**

**v.**

**Viviana R. VILLARREAL, a Widow, Appellee.**

**No. 1437.**

Court of Civil Appeals of Texas.

San Antonio.

April 14, 1965.

Fidencio G. Garza, Jr., Falfurrias, John L. Campos, Alice, for appellants.

Max Luther, III, Corpus Christi, for appellee.

BARROW, Justice.

This suit was filed by appellee, Viviana R. Villarreal, on July 23, 1963, to set aside and cancel a deed to her son, Conrado Villarreal, executed by her on May 7, 1953, upon the theory of false representations made by grantee to her. Conrado died intestate in 1962, and suit was brought against appellants, the widow and two children of Conrado, as heirs at law of his estate. After a non-jury trial, judgment was rendered setting the deed aside and holding it null

and void. Findings of fact were filed wherein the trial court found substantially that Conrado knowingly made false representations to appellee which induced her to execute said deed.

Appellants assert that the judgment is so contrary to the overwhelming preponderance of the evidence as to be manifestly unjust. They further assert that the judgment is manifestly unjust in that the findings of fact are supported only by evidence violative of Art. 3716, Vernon's Ann.Civ. St., the Dead Man's Statute. A complaint that the judgment is manifestly unjust is an "insufficient evidence" point and requires us to examine the entire record and, if sustained, to remand the case. Fisher Construction Co. v. Riggs, 160 Tex. 23, 325 S.W.2d 126 (1959); Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Tex.Law Rev. 361.

Appellee was the first witness and upon being interrogated by her attorney concerning representations made to her by deceased, appellants' attorney promptly objected and asserted that this testimony would be in violation of the Dead Man's Statute. At the suggestion of appellee's counsel, it was agreed by the Court that appellants would have their objection to any such testimony and that evidence which violated the statute would not be considered by the court. The appellants therefore properly preserved their objection to testimony which constituted a transaction with deceased. See Hoffman v. Tolbert, Tex. Civ.App., 327 S.W.2d 604, no wr. hist.

The deed in controversy conveyed the surface estate to sixty acres out of a seventy-eight acre tract of land owned by appellee. The other eighteen acres was separately fenced off and appellee's house was located thereon. She remained in possession of the entire tract until shortly before this suit was filed and had leased the sixty acres for grazing cattle. The deed was executed at her home in the presence of grantee and Elmiro Perez, a notary public, and recited consideration of love and affection for her son, Conrado. The deed was promptly and properly recorded.

Mrs. Villarreal testified that she did not intend to give this land away, but was told that something bad was going to happen if she didn't sign the deed. Further, that she was intimidated by Conrado and signed because he asked her to sign. She testified that there was no consideration for the execution of this deed; she executed the instrument because of Conrado's representations to her. She neither read nor spoke English and she testified that the instrument was not read to her or explained in Spanish. It is seen that her testimony in regard to representations by Conrado is in violation of the Dead Man's Statute and can not be considered. Dakoff v. National Bank of Commerce, Tex.Civ.App., 254 S.W.2d 550, wr.ref.; Potier v. Cook, Tex.Civ.App., 158 S.W.2d 582, wr.ref., w.o.m.

The other witnesses called by appellee were the notary, Elmiro Perez, her son-in-law, David Gomez, and her son, Baltazar Villarreal. Perez testified that he went to appellee's house with Conrado and that on arrival there Conrado went to the kitchen and got his mother. He admitted Conrado could have talked with her privately at this time. Appellee came to the living room where Perez was waiting and at that time he read the deed to her in Spanish and explained it to her. David Gomez testified that appellee asked him to check into the deed, after she was advised in August, 1962, of the claim of appellants. He went to Perez's house with his brother-in-law, Baltazar. He testified, over appellants' hearsay objection, that Perez admitted he did not explain the deed to appellee before she executed same. Baltazar Villarreal confirmed going to see Perez with Gomez, but did not testify as to what was said by either of them.

It is our opinion from an examination of the entire record that, after the testimony which violates the Dead Man's

Statute is deleted, the finding of the trial court that the deed was signed by appellee because of false representations made by grantee is so contrary to the overwhelming preponderance of the evidence as to be manifestly unjust.

The judgment is reversed and the cause remanded.