SUE R. CRENSHAW v. B. F. HARRIS ET AL.

Delivered May 1, 1897.

**1. Witness—Competency—Heirs, Action By or Against.**

An action by the divorced wife of a decedent against the latter's parents to recover as surviving wife half of certain lands deeded to decedent by his mother in trust is not an action "by or against heirs," so as to make defendants incompetent as witnesses.

**2. Community Property—Trust Estate in Husband—Wife's Interest.**

One to whom land is deeded by his mother for the purpose of enabling him to go on a bond given by his father has no such interest therein as will entitle his wife after his death to half of the same as community property.

APPEAL from Bosque. Tried below before Hon. J. M. HALL.

*Lumpkin & Alexander*, for appellant.—1. It appears that said deed was made to N. W. Harris, the then husband of Sue R. Crenshaw, for a consideration, by Mrs. Margaret Harris and her husband, and was not a gift or devise, but was for the purpose of getting said N. W. Harris to go on the postoffice bond of B. F. Harris, which he did while the husband of Mrs. Crenshaw; and hence, under the said deed, the title to said 1280

acres passed to and became the community property of N. W. Harris and his wife, Mrs. Sue R. Crenshaw. Rev. Stats., art. 2968; Cook v. Bremond, 27 Texas, 457; Lambert v. McClure, 34 S. W. Rep., 973.

2. A valuable consideration is that which confers some benefit, however small, upon the vendor, or some detriment, however slight, upon the vendee, at the instance of the vendor; and when N. W. Harris went upon the bond of B. F. Harris, as postmaster at Cleburne, that was, under law, a consideration sufficient to support said deed. 2 Dev. on Deeds, secs. 806, 800, 831; McMullen v. Glass, 27 Pa. St., 151; Dial v. Crain, 10 Texas, 444.

*Lumpkin & Alexander,* for appellees McCutchen.

*George Clark,* for appellees Harris.—Sue R. Crenshaw was not suing as heir of N. W. Harris, but as owner of her community interest in her own right. As against her, the defendants, B. F. Harris and Margaret Harris, were competent witnesses as to their own transactions with N. W. Harris, because as against her they were not claiming any portion of the land as heirs of N. W. Harris, but in their own right as original heirs. Nor did she sue in her cross bill against the defendants, B. F. and Margaret Harris, as heirs. Wagner v. Isensee, 33 S. W. Rep., 155; Curtis v. Wilson, 21 S. W. Rep., 787; Caffey v. Caffey, 35 S. W. Rep., 738; McBride v. Moore, 37 S. W. Rep., 450; Shilling v. Shilling, 35 S. W. Rep., 420; Brown v. Mitchell, 31 S. W. Rep., 621; Harris v. Seinsheimer, 67 Texas, 356; Newton v. Newton, 77 Texas, 511.

STEPHENS, ASSOCIATE JUSTICE.—An undivided half of the Jabez Dean 1280 acres survey of land situated in Bosque County was claimed by the appellant Sue R. Crenshaw under a deed dated July 25, 1874, purporting to convey the entire tract to N. W. Harris, who was then her husband, but who obtained 'a divorce from her in May, 1876, they having separated during said year of 1874. After the death of Harris, without issue, which occurred in 1880, she married William Crenshaw, and since his death, which occurred in 1889, has been a widow.

N. W. Harris was the son of the appellees B. F. and Margaret Harris. Margaret Harris was the common source of title, the Jabez Dean survey having been conveyed to her in 1870 by J. L. L. McCall, for the recited consideration of two horses and a buggy.

The above deed to N. W. Harris, under which Mrs. Crenshaw claims, was signed by B. F. and Margaret Harris under the following circumstances, as detailed by each of them, his testimony reading: "I know the occasion of the making of said deed by me and my wife to our son N. W. Harris. At that time, in July, 1874, I was appointed postmaster at Cleburne, Johnson County, Texas, and it became necessary that I should make a bond in the sum of $18,000, and I and my wife made said deed to N. W. Harris, reciting a $5000 cash payment therein, in order that he might qualify as surety and go on my postmaster's bond. There was no

money paid by my son to either of us for said land. We acknowledged said deed at the time it was written and signed by us, before John L. Dyer, who was then a notary public in and for McLennan County, Texas, and my son did go on my bond for the sum of $5000, and at that time Sue R. Crenshaw was his wife, though they were not then living together. Said bond was in the sum of $18,000. The law also required that my sureties on my postmaster's bond should make affidavit that they held unincumbered real estate to the amount and value of their real estate, and it was on this deed to my son N. W. Harris that he was enabled to make the affidavit, as he had no other real estate. I did not deliver the deed to my son, but the officer, John L. Dyer, kept it awhile in order to write his certificate on it, and I was not present when my wife made the acknowledgment to said deed. I kept the deed all the time and had it put on record in 1878 in Bosque County, Texas, and I had my son to redeed the land, that is, the north half of 640 acres, to my wife Margaret, as per deed dated February 7, 1878, and the 200 acres of land in the southwest corner of south half at the same time, which left 440 acres remaining to my son, and he was permitted to keep the same, because he and plaintiff McCutchen desired to open a farm thereon, and I loaned him the land, that is, I gave him 200 acres of land and loaned him the balance, to wit, 240 acres, and when he sold to plaintiff McCutchen he could have only sold 200 acres, as he only owned 200 acres. My son having died in 1880, he failed to deed me back the remainder of said survey."

The court denied Mrs. Crenshaw any recovery, and she alone appeals from the judgment, assigning error to the court's action (1) in admitting the above quoted testimony over the objection, among others, that it was incompetent for said witnesses to testify as to any conversation or transaction with the deceased N. W. Harris, and (2) in rendering judgment thereon.

We are of opinion that in seeking to recover one-half this land in her community right as the surviving wife of N. W. Harris, she did not sue as his heir (he not even being her husband at his death), but rather as a surviving partner; and that as a plaintiff in the action, the statute invoked did not apply to her. Her suit against B. F. and Margaret Harris was not against them as the heirs of N. W. Harris, for their defense, as indicated by the evidence above quoted, was that of original ownership, and not title by inheritance. As defendants in the action, then, the statute did not apply to them. The controversy between appellant and them did not "extend to and include" an action "by or against heirs" as such. Rev. Stats., art. 322; Wagner v. Isensee, 33 S. W. Rep., 155.

The testimony admitted, it is clear that the deed to N. W. Harris, if effective at all to pass the title, passed it to him solely in the capacity of trustee, and no such partnership or community interest vested in him or his wife as would warrant the recovery sought.

These conclusions lead to an affirmance of the judgment.

*Affirmed.*