LA FORCE v. BRACKEN et al.

No. 5942.

Court of Civil Appeals of Texas. Texarkana.

May 7, 1942.

Rehearing Denied June 4, 1942.

240

Robert H. Jones, of Dallas, for appellant.

Jones & Jones, of Mineola, and Weeks, Hankerson & Surles, of Tyler, for appellees.

HALL, Justice.

This is an action in trespass to try title instituted by appellant against J. A. Bracken and wife, Rhoda S. Bracken, individually and as trustees, Harry Jones, and H. C. LaForce, appellees, for title and possession of two lots in the town of Hawkins, Wood County, Texas. All appellees answered by general denial and plea of not guilty, and in addition, J. A. Bracken and wife pleaded improvements in good faith. Trial was to the court without a jury, which resulted in judgment that appellant "take nothing by her suit."

Appellant's 1st point is: "The error of the Court in not holding that the land in question constituted community property of S. C. LaForce and the plaintiff, Mrs. Lillian LaForce, his wife at the time of the acquisition thereof, since the land was not acquired by gift, descent, or devise, but by the conveyance from Walker to S. C. La-Force, the consideration therefor not having been paid out of S. C. LaForce's separate estate; the conveyance from Walker to S. C. LaForce having been made at the direction of H. C. LaForce with the purpose and design of evading paying of a debt owed by H. C. LaForce to the U. S. Government and of defrauding the Government of its debt, the law will not recognize or permit the erection or engraftment of a trust on such a transaction, nor recognize that S. C. LaForce held the land in trust for H. C. LaForce; and the conveyance from Walker to S. C. LaForce being a fraudulent conveyance it conveyed the land to S. C. LaForce absolutely and vested title in him good as against all the world with the exception of the defrauded creditor of H. C. LaForce, the U. S. Government." No. findings of fact or conclusions of law were filed by the trial court and none were requested, so if the judgment can be affirmed upon any theory presented by the record, it is our duty to do so. Texas Creosoting Co. v. Hartburg Lbr. Co., Tex.Com. App., 12 S.W.2d 169; Johnson v. Campbell, Tex.Civ.App., 107 S.W.2d 1111; Mosley v. Gulf Production Co., Tex.Civ.App., 111 S. W.2d 726. The facts in this case are undisputed. Appellant is the divorced wife of S. C. LaForce, deceased. They lived together as husband and wife from May 10, 1917, until March 28, 1928. During the time of their marital relation, B. A. Walker conveyed to S. C. LaForce the property here in controversy. H. C. LaForce, an appellee here and a brother of S. C. LaForce, paid the entire consideration therefor. The facts show "that it was agreed between H. C. La-Force and S. C. LaForce that S. C. LaForce should hold such title to said lots as passed by said purported deed for H. C. LaForce until such time as it should be desired by H. C. LaForce, when S. C. LaForce should convey the lots to H. C. LaForce. That after the date of said purported deed, H. C. LaForce had constructed on said lots a dwelling house and paid all the cost of such improvements." The motive and purpose of H. C. LaForce in having said purported deed executed to S. C. LaForce was to avoid the claim asserted for taxes and penalties in the "Notice of Tax Lien under Internal Revenue Laws", filed by the U. S. Collector of Internal Revenue in Federal lien record of Wood County, Texas, in an amount of $1,397.33. This notice of lien was filed May 26, 1925. Later charges were filed against H. C. LaForce and one Gaston Veich by the United States Attorney under the National Prohibition Act, 27 U.S.C.A. § 1 et seq., and upon trial they were acquitted. Later, on December 15, 1926, H. C. LaForce paid the amount of taxes and penalties shown in the claim asserted by the United States Internal Revenue Department and was discharged from said lien. S. C. LaForce died September 12, 1933. It is stipulated "that S. C. La-Force and H. C. LaForce were brothers; and that both of them lived, at various times, singly and together, in the said house on said lots." S. C. LaForce never by deed conveyed the lots here in controversy to H. C. LaForce, but by will duly executed on June 1, 1933, devised all his estate, both real and personal, less four bequests of $1 each, to his brother, H. C. LaForce whom he constituted independent executor in said will. Shortly after the death of S. C. LaForce, his will was duly probated and per face of its terms the legal title to the lots here in controversy vested in H. C. LaForce.

On October 18, 1940, H. C. LaForce executed and delivered to J. A. Bracken an oil and gas lease covering said lots and thereafter Bracken and wife, individually and as trustee, in good faith drilled and completed a producing oil well thereon at an expense in

excess of $15,000. On December 16, 1940, H. C. LaForce executed and delivered to Harry Jones, an appellee here, a mineral deed to all his interest in the minerals in and under said lots, subject to the oil and gas lease executed to Bracken.

█ █ Under the agreed facts set out above, we conclude that S. C. LaForce took the legal title from Walker to the lots here involved in trust for his brother, H..C. La-Force. A trust relation between the La-Force brothers was created by the execution and delivery of the deed by Watson to S. C. LaForce even though the object sought by such arrangement was fraudulent. The trust was an illegal one as far as creditors were concerned. 65 C.J. p. 229, Sec. 19; see also notes 28, 29 and 30 supporting the text; Bogert on Trusts, Vol. 1, p. 609, § 211. It could not be enforced by either party to it in a court of law or equity. Davis v. Sittig, 65 Tex. 497; Bogert on Trusts, Vol. 1, pp. 616, 617, § 211. But the legal title which passed to S. C. LaForce was a bare, naked one, coupled with no interest whatsoever in the lots conveyed. So no beneficial right, title or interest in said lots passed to the community estate of S. C. LaForce and his then wife, Mrs. Lillian LaForce, appellant here. Crenshaw v. Harris, 16 Tex.Civ. App. 263, 41 S.W. 391 (next to last sentence of opinion). See also Speer's Marital Rights in Texas, 3rd Ed., p. 461, Sec. 379. This being true, under the agreed facts of this case, it could make no difference to appellant what disposition S. C. LaForce, her late husband, made of the lots. Appellant not being defrauded by the transaction between the LaForce brothers respecting the lots in controversy, she is in no position to attack same. Texarkana Nat'l Bank v. Hall, Tex.Civ.App., 30 S.W. 73, writ refused.

█ Moreover, S. C. LaForce in his last will and testament discharged the trust by devising the lots to his brother, H. C. La-Force. This recognition by him of the trust relation, and the manner of discharging same in his will, effectively closes the transaction, and neither a court of law nor of equity will interfere to prevent his executing said trust. Under a similar state of facts, it was held: "Through the transaction between West and Hughes, the latter held the title to the land in trust for the former. Though courts will not interfere to compel a reconveyance at the instance of the fraudulent grantor or those holding under him, yet, if the grantee recognizes the trust, and reconveys the property to his grantor, such reconveyance will be upheld; the moral obligation to thus reconvey being regarded a valuable and sufficient consideration to support the deed of reconveyance." Hughes v. Hughes, Tex.Com.App., 221 S.W. 970, 972; Bicocchi v. Casey-Swasey Co., 91 Tex. 259, 42 S.W. 963, 66 Am.St.Rep. 875; Stiefvater v. Stiefvater, 246 Ky. 646, 53 S. W. 2d 926. There is no showing in this record by appellant that appellees Bracken and Jones were not innocent purchasers from H. C. LaForce. So the conveyance of the leasehold estate to Bracken and the mineral interests to Jones by H. C. LaForce, the holder of the record title, was effective to transfer the full title of the respective interests to them.

The conclusion reached above renders a discussion of other points brought forward unnecessary.

The judgment of the trial court is affirmed.