MRS. LILLIAN LAFORCE V. J. A. BRACKEN ET AL.

No. 8031. Decided March 3, 1943.
Rehearing overruled April 7, 1943.
(169 S. W., 2d Series, 465.)

*Robert H. Jones,* of Dallas, for petitioner.

The Court of Civil Appeals erred in holding that the grantee held in trust for a fraudulent grantor and that full title did not pass to grantee and that a trust was engrafted on the fraudulent conveyance. Stevens v. Cobern, 213 S. W. 925; Willis & Bro. v. Smith, 65 Texas 656; Rilling v. Schultze, 95 Texas 352, 67 S. W. 403.

*Jones & Jones,* and *Robert H. Jones,* all of Mineola, *Weeks, Hankerson & Surles,* and *Russel Surles,* of Tyler, for respondents.

The lots in question never became community property of petitioner and her husband, S. C. LaForce, because it was conveyed to him solely as a trustee, and no beneficial interest passed to him, but merely the naked legal title. Crenshaw v. Harris, 41 S. W. 391; Steele v. Renn, 50 Texas 467; Rogers v. Rogers, 230 S. W. 489, 240 S. W. 1104.

MR. JUSTICE SHARP delivered the opinion of the Court.

In an action of trespass to try title, Mrs. Lillian LaForce sought to recover a one-half interest, her claimed community interest, in two lots in Wood County, Texas, from H. C. LaForce, the brother of her deceased husband, and certain others claiming by conveyance from the brother, she having been divorced from her husband at the time of his death. In a trial without a jury the trial court found for the defendants. The Court of Civil Appeals affirmed the judgment of the trial court. 163 S. W. (2d) 239.

During the period of coverture of the plaintiff Mrs. Lillian LaForce and S. C. LaForce, H. C. LaForce, brother of S. C. LaForce, caused a conveyance from B. A. Walker to be put in the name of S. C. LaForce, grantee, in payment of a debt owed by Walker to H. C. LaForce. At the time the conveyance was made there was a federal lien in the amount of $1,397.33 of record in the Federal Lien Records of Wood County, Texas, which had been filed by the U. S. Collector of Internal Revenue, in connection with an alleged breach of the National Prohibition Act by H. C. LaForce. It was to avoid the attaching of this lien on the property conveyed that S. C. LaForce was named as grantee in the conveyance. H. C. LaForce was later prosecuted for the violation of the prohibition laws of the United States, and was acquitted. Later, before the death of S. C. LaForce, H. C. LaForce paid the amount of taxes and penalties claimed by the United States Internal Revenue Department, and was discharged from said lien. At the time of the conveyance from Walker to S. C. LaForce, there was an understanding between S. C. LaForce and his brother, H. C. LaForce, that the former should hold the lots in question for H. C. LaForce, and convey them to the latter upon his request. No conveyance of the lots was made during the lifetime of S. C. LaForce. However, when S. C. LaForce died, September 12, 1933, he left a will, specifying certain bequests of money and containing the following general provision: "I give and bequeath to my brother H. C. LaForce the remainder of my entire estate of whatever seized or possessed at the time of my death, including all personal and real property * * *."

The will was offered for probate in Wood County, Texas, on October 27, 1933. Faye Smith LaForce, not the plaintiff in this case, protested the probating of the will and asked for the establishment of her rights as surviving wife of S. C. LaForce. On November 13, 1933, the probate court admitted the will to probate, made H. C. LaForce executor without bond, and appointed appraisers of the estate. On November 18, 1933, by order separate from the order of November 13, 1933, the probate court ordered that Faye Smith LaForce be paid $30.00 per month from the estate of S. C. LaForce, and also that she have homestead rights in the property of S. C. LaForce. From this latter order H. C. LaForce appealed to the District Court of. Wood County, Texas, which court sustained the exceptions of H. C. LaForce to the plea of Faye Smith LaForce for a widow's allowance and maintenance.

On October 18, 1940, H. C. LaForce executed and delivered to J. A. Bracken an oil and gas lease covering the land in question in this suit, under which lease a producing oil well was completed. On December 16, 1940, H. C. LaForce executed and delivered to Harry Jones a mineral deed to all his interest in the minerals in and under said lots, subject to the oil and gas lease executed to Bracken. J. A. Bracken, Harry Jones, and others claiming under the said oil and gas lease and the said mineral deed, are defendants with H. C. LaForce in this case.

The contention is made by petitioner in this case that the will in the chain of title of defendants was not probated because of the appeal from the order of the probate court that Faye Smith LaForce should have a widow's allowance in the estate of S. C. LaForce, the appeal having the effect of carrying the whole probate matter into the district court as a trial de novo. She cites in support of such contention the following cases: Earl v. Mundy, 227 S. W. 716 (writ refused); Callaghan v. Grenet, 66 Texas 236, 18 S. W. 507; and Wiren v. Nesbitt, 85 Texas 286, 20 S. W. 128. The appeal in those cases involved either one order of the lower court or two orders, one of which was so dependent on the other that one could not be changed without changing the other.

As shown above, the application for the probate of the will in this case was heard on November 13, 1933, and same was admitted to probate. On November 18, 1933, the probate court heard the application of Faye Smith LaForce for an allowance of $30.00 per month. Faye Smith LaForce, the cotestant, excepted to the judgment of the court admitting the will to probate,

and gave notice of appeal to the district court, but gave no bond for such appeal, and same was never perfected. H. C. LaForce gave notice of appeal to the district court from the order of the probate court allowing Faye Smith LaForce ·an allowance of $30.00 per month, and gave an appeal bond, which recites that an appeal was made from the order of the probate court allowing Faye Smith LaForce $30.00 per month. Thus it appears that the judgment of the probate court determined two distinct and severable questions: (1) that the instrument presented was the last will of S. C. LaForce, and admitted same to probate; and (2) that Faye Smith LaForce was entitled to a homestead right and an allowance of $30.00 per month, which was ordered by the court to be paid. Thus it appears that the only judgment of the probate court appealed from was the order allowing Faye Smith LaForce $30.00 per month and the homestead right.

■ The rule is recognized that a party may appeal from a portion of a final judgment which is distinct and severable, permitting the remainder of the judgment to be executed. Slaughter v. Texas Life Ins. Co. (Civ. App.), 211 S. W. 350, 352; Luckel v. Barnsdall Oil Co. (Civ. App.), 74 S. W. (2d) 127, 129, affirmed, 130 Texas 476, 109 S. W. (2d) 960; Brown v. Cates, 99 Texas 133, 87 S. W. 1149; 3 Tex. Jur., p. 131, sec. 66. It follows that even if the two judgments above mentioned are regarded as one, still the appeal was only from a distinct and severable part thereof.

Petitioner contends that the land conveyed in the deed from B. A. Walker to S. C. LaForce, in payment of a debt owed by Walker to H. C. LaForce, was· community property of S. C. LaForce, grantee in the deed, and his wife, Mrs. Lillian LaForce. It is also contended that the Court of Civil Appeals erred in holding that the grantee held only a bare, naked legal title, and that the grantee held the title to the land in trust for H. C. LaForce. In support of this contention the following cases are cited: John Hancock Mutual Life Ins. Co. v. Morse, 132 Texas 534, 124 S. W. (2d) 330; Farrell v. Duffy, 5 Texas Civ. App., 435, 27 S. W. 20 (writ denied); Fowler v. Stoneum, 11 Texas 478, 62 Am. Dec. 490; Stevens v. Cobern, 109 Texas 574, 213 S. W. 925; Maples v. Maples (Civ. App.), 275 S. W. 1091.

■ We do not question the rule announced in the above cases, as applied to the facts involved therein. Those cases held that any agreement of the grantee to hold the land in trust and to reconvey it to the fraudulent grantor cannot be enforced, because the courts will not aid a party in carrying out a fraud; and

the courts will not give a fraudulent grantor or anyone claiming under him any relief from his own fraudulent act. The facts in this case, in our judgment, are quite different from the facts involved in the cases just cited. Here we have a case where B. A. Walker conveyed the two lots to S. C. LaForce at the instance of H. C. LaForce, who paid all the consideration and thereafter made valuable improvements on the lots; and S. C. LaForce agreed to convey said lots to H. C. LaForce at any time the latter requested him to do so. The rule of law with reference to fraudulent conveyances is not applicable here, because S. C. LaForce recognized the trust, and by will conveyed the land to H. C. LaForce, the cestui que trust; the moral obligation of S. C. La Force to do so being a sufficient consideration to sustain his action. Biccochi v. Casey-Swasey Co., 91 Texas 259, 42 S. W. 963, 66 Am. St. Rep., 875; Hughes v. Hughes (Com. App.), 221 S. W. 970, 89 A. L. R. 1168; 20 Tex. Jur., p. 464, sec. 104.

Mr. Justice Hall, in the opinion rendered in this case by the Court of Civil Appeals, has clearly stated the law, and we quote from such opinion the following:

"Under the agreed facts set out above, we conclude that S. C. LaForce took the legal title from Walker to the lots here involved in trust for his brother, H. C. LaForce. A trust relation between the LaForce brothers was created by the execution and delivery of the deed by Walker to S. C. LaForce even though the object sought by such arrangement was fraudulent. The trust was an illegal one as far as creditors were concerned. 65 C. J. p. 229, sec. 19; see also notes 28, 29 and 30 supporting the text; Bogert on Trusts and Trustees, Vol. 1, p. 609, sec. 211. It could not be enforced by either party to it in a court of law or equity. Davis v. Sittig, 65 Texas 497 Bogert on Trusts and Trustees, Vol. 1, pp. 616, 617, sec. 211. But the legal title which passed to S. C. LaForce was a bare, naked one, coupled with no interest whatsoever in the lots conveyed. So no beneficial right, title or interest in said lots passed to the community estate of S. C. LaForce and his then wife, Mrs. Lillian LaForce, appellant here. Crenshaw v. Harris, 16 Texas Civ. App. 263, 41 S. W. 391 (next to last sentence of opinion). See also Speer's Marital Rights in Texas, 3rd Ed., p. 461, sec. 379. This being true, under the agreed facts of this case, it could make no difference to appellant what disposition S. C. LaForce, her late husband, made of the lots. Appellant not being defrauded by the transaction between the LaForce brothers respecting the lots in controversy, she is in no postition to attack same. Texarkana Nat'l Bank v. Hall, Tex. Civ. App., 30 S. W. 73, writ refused.

"Moreover, S. C. LaForce in his last will and testament discharged the trust by devising the lots to his brother, H. C. LaForce. This recognition by him of the trust relation, and the manner of discharging same in his will, effectively closes the transaction, and neither a court of law nor equity will interfere to prevent his executing said trust. Under a similar state of facts, it was held: 'Through the transaction between West and Hughes, the latter held the title to the land in trust for the former. Though courts will not interfere to compel a reconveyance at the instance of the fraudulent grantor or those holding under him, yet, if the grantee recognizes the trust, and reconveys the property to his grantor, such reconveyance will be upheld; the moral obligation to thus reconvey being regarded a valuable and sufficient consideration to support the deed of reconveyance.' Hughes v. Hughes, Tex. Com. App., 221 S. W. 970, 972; Bicocchi v. Casey-Swasey Co., 91 Tex. 259, 42 S. W. 963, 66 Am. St. Rep. 875; Stiefvater v. Stiefvater, 246 Ky. 646, 53 S. W. (2d) 926."

Thus by virtue of the will H. C. LaForce has full legal and equitable title to the lots in controversy.

The judgments of the trial court and Court of Civil Appeals are both affirmed.

Opinion delivered March 3, 1943.

Rehearing overruled April 7, 1943.