GLOBE CHEMICAL COMPANY, Appellant,

v.

Henry WALLA, Appellee.

No. 13503.

Court of Civil Appeals of Texas.

Houston.

Oct. 15, 1959.

Ben G. Levy, Houston, for appellant.

E. P. Dee, Houston, for appellee.

WERLEIN, Justice.

This is an appeal from an order denying a temporary injunction. Suit was brought by appellant to enjoin appellee, a former employee, from distributing or selling brushes, chemicals, plumbing and janitorial supplies within the City of Houston, Texas, or within an area surrounding 150 miles from the City's limits, and further from soliciting any character of business within such area for the sale of said products.

The employment contract entered into by appellant and appellee on August 2, 1958, contains the following provisions:

"Employer does here now employ for a period of one (1) year from date hereof, the said Employee to work for Employer as salesman, selling the line of merchandise which Employer may handle from time to time in the area in and around the City of Houston, Harris County, Texas and elsewhere

which Employer shall hereafter from time to time designate to Employee, upon the terms and conditions hereof, at the prices which shall hereafter be designated by Employer and for the compensation herein provided.

\*   \*   \*   \*   \*   \*

"\* \* \* He [appellee] further agrees that for a period of one (1) year after the termination of this contract, for whatever cause, he will not become employee, owner, partner, stockholder or financial backer of any business of a competitive character to that operated by Employer in any area which he shall be working or in which he has been serving Employer at the time of the termination of this contract."

In determining whether the Trial Court erred in refusing to grant a temporary injunction, the sole question is whether the Court abused its discretion. 24–A Tex.Jur. 382, Injunctions, § 265; Southwestern Associated Tel. Co. v. City of Dalhart, Tex.Civ.App., 254 S.W.2d 819, error ref., n. r. e.; Scott v. Graham, Tex.Civ. App., 283 S.W.2d 443, affirmed Tex., 292 S.W.2d 324.

The provisions in the contract do not define any definite territory and the testimony is conflicting as to the territory in which appellee was working or serving his employer prior to the time of the termination of the contract on or about March 16, 1959, when appellee voluntarily left the employment of appellant and went to work for Texize Company which, according to appellee, handled basically the same line of materials as appellant, though of a different manufacture.

In the first contractual provision hereinabove set out, appellee is employed as a salesman to sell the line of merchandise which appellant may handle from time to time in the area in and around the City of Houston, and any place else from time to time designated by appellant. The limits of the City of Houston might be

determined, but the area around Houston is so indefinite that no one could determine what limits are included, whether a few miles or many miles.

The second provision above set out undertakes to limit the area in which appellee may not work after severing his employment with appellant to the area in which appellee shall be working or in which he has been serving appellant at the time of the termination of the contract. Appellee testified that when he left the employment of appellant his territory consisted of some six accounts in the City of Houston; that while he was permitted to sell to such accounts as he could find in the City of Houston, he could not encroach on the territory in the City assigned to other salesmen working for appellant; that he had those six accounts in the City of Houston before he went to work for appellant and that he solicited the same accounts after leaving appellant's employment; that he did not recall soliciting any other accounts served by appellant. It was not shown in what part of the City of Houston appellee's accounts were situated, nor what part of the City was assigned to the other two salesmen from whose territory he was excluded.

Louis K. Jacobs, appellant's president, testified that appellee had taken from appellant some of its accounts; that appellee's territory when employed by appellant was "Houston, Harris County, territory south of Highway 90, Texas, to and including Corpus Christi." Said witness also testified that to his knowledge appellee had solicited accounts located within that area; that he reduced appellee's earnings to practically nothing for the two weeks' period prior to his leaving appellant's employment. When asked to give his interpretation of the provision in question, said witness testified that appellee would be restricted from operating *at any place where appellant might be operating at the time,* and that if appellant went into any business, as for instance the

paint business, appellee could not go into a business competitive therewith. We do not so construe such provision. It restricts the area to that *in which appellee was working or serving appellant at the time of the termination of the contract.*

To questions asked by the Court, Mr. Jacobs testified in substance that when he said that the territory included Houston and 100 miles surrounding Houston he was including Corpus Christi within the 100 miles [—this Court takes judicial notice it is much farther—], and that appellee had some accounts in Corpus Christi; that appellee's territory was subject to change from time to time, although appellant changed it only one time, but reserved to itself the right to change the territory from time to time; that from the inception of the contract Mr. Jacobs felt that he reserved the right to change appellee's territory from time to time as he saw fit, based on good cause. It was not shown what territory appellee was permitted to retain after his territory was changed, nor what area he was serving at the time of the termination of his contract. Appellee did testify as to some six accounts but it was not shown in what area or part of Houston they were located.

No findings of fact or conclusions of law were requested or filed. We must, therefore, presume that all conflicting issues of fact were found by the Trial Court in favor of appellee and against appellant. Davenport v. Horton, Tex. Civ.App., 111 S.W.2d 729; LaForce v. Bracken, Tex.Civ.App., 163 S.W.2d 239, affirmed 141 Tex. 18, 169 S.W.2d 465.

In reviewing the provisions of the contract, together with the testimony adduced at the hearing, we have concluded, as the Trial Court evidently did, that the provision in the contract, particularly in light of the testimony of the parties, is entirely too broad and indefinite to be enforced on a temporary injunction hearing. This case is distinguishable from the cases of Haig v. Gittings, Tex.Civ.App.,

260 S.W.2d 311, and Houston Credit Sales Co. v. English, Tex.Civ.App., 139 S.W.2d 163, no writ history, cited and relied on by appellant. In both such cases the contract itself definitely described the territory assigned to the employee. Such is not the case in the present suit, where the contract contains no definite description of the territory assigned to appellee, and the testimony is (1) conflicting as to the territory in which appellee was working and soliciting business prior to the time the contract terminated, and (2) wholly insufficient to show the area he was permitted to retain after his territory was changed.

We have carefully reviewed the record and have concluded that the Trial Court did not abuse its discretion in denying appellant a temporary injunction.

Judgment affirmed.