S. A. (Sol) RHOADES, Appellant,

v.

J. B. (Tot) MILLER, Appellee.

No. 280.

Court of Civil Appeals of Texas.

Tyler.

April 27, 1967.

————◆————

W. D. Brown, Quitman, for appellant.

I. E. Beavers, Winnsboro, for appellee.

MOORE, Justice.

Appellee, J. B. Miller, sued appellant, S. A. Rhoades, for debt and for foreclosure of a materialman's lien upon Lots 10–18, Block 10 of the Gray B. King Survey, in the City of Winnsboro, Texas. Appellee alleged that he contracted to sell and appellant agreed to buy 25½ cublic yards of ready-mix concrete at the agreed price of $429.17, to be used in the construction of a building situated upon the above described premises owned by appellant; that he performed the contract by delivering and pouring the concrete for appellant on February 21, 1966, but that appellant in total disregard of the agreement failed and refused to pay for the concrete; that as a result, appellee was compelled to place the account in the hands of an attorney for collection; that on March 8, 1966, he filed his affidavit for a lien with the County Clerk of Wood County, Texas, and thereafter delivered two copies thereof to appellant. His prayer was for a recovery of the debt, with an attorney's fee in the amount of $200.00, and for foreclosure of the materialman's lien. Appellant answered with a general denial and specially denied that he had entered into such contract with the appellee.

Trial was before the court, without the aid of a jury, after which the trial court entered judgment in favor of the appellee, Miller, for the debt in the amount of $429.-17, together with attorney's fees in the amount of $150.00 for a total of $579.17 and for foreclosure of the lien.

Findings of fact and conclusions of law were not requested. Consequently, the record before us consists of only the transcript and statement of facts.

Appellant has brought forward three points of error. By the first two points, he contends that the trial court erred in admitting the lien affidavit into evidence over his objection because (1) the lien affidavit did not comply with the provisions of Article 5453, Vernon's Ann.Civ.St., in that it failed to state the date when the material was furnished, and (2) that the court erred in admitting the affidavit for lien into evidence because there was no showing that two copies of the affidavit for lien had been served on appellant as required by Section 1 of Article 5453, supra.

By an appropriate counter-point, appellee contends that even though the lien affidavit was not admissible in proving a statutory lien, such would not affect the judgment because appellee was entitled to a constitutional lien under the provisions of Article XVI, Sec. 37 of the Constitution of Texas, Vernon's Ann.St. We think this contention must be sustained.

Article XVI, Sec. 37 of the Constitution of Texas provides:

"Mechanics, artisans and material men, of every class, shall have a lien upon the buildings and articles made or repaired by them for the value of their labor done thereon, or material furnished therefor; and the Legislature shall provide by law for the speedy and efficient enforcement of said liens."

Thus, if the owner contracts with a person to furnish labor or materials to improve his property and does not pay for it, then the laborer or materialman is entitled to assert his right against the property which he improved by his efforts or materials.

It is without dispute that the concrete was delivered by appellee, accepted by appellant, and used by him in the construction of a building upon the above described premises.

While appellee's petition did not specifically allege the existence of a constitutional lien, this is not necessary to support the judgment. The section of the Constitution, above quoted, creates a lien whenever there is a contract to repair or construct a building and material or labor is furnished by the original contractor to the owner. Said Section 37 of Article XVI is self-executing and the lien created thereby exists independently of Article 5453, supra, enacted by the Legislature providing for the enforcement of liens. Moore v. Carey Bros. Oil Co., (Tex.Com.App.) 269 S.W. 75, 39 A.L.R. 1247; Aston v. Allison, (Tex.Civ.App.) 91 S.W.2d 852; Continental Radio Company v. Continental Bank & Trust Company, (Tex.Civ.App.) 369 S. W.2d 359. Thus, even though the legislative statute has provided a method by which such a lien may be perfected, as between the owner and the original contractor, the latter is not required to perfect a statutory lien but may rely upon the constitutional lien.

Since the record is before us without findings of fact and conclusions of law and the judgment contains no finding, we have no way of knowing whether the judgment is based upon a constitutional lien or upon a statutory lien. In these circumstances, the well-settled rule is that it is the duty of the reviewing court to affirm the judgment of the trial court if it can be affirmed upon any theory of the case finding support in the evidence. La Force v. Bracken, (Tex.Civ.App.) 163 S.W.2d 239, aff'd 141 Tex. 18, 169 S.W.2d 465; Texarkana Water Supply Corporation v. L. E. Farley, Inc., (Tex.Civ.App.) 353 S.W. 2d 885.

There being no question of homestead involved, the judgment can be sus-tained upon the theory that a constitutional lien existed in favor of appellee irrespective of whether appellee properly perfected a statutory lien. Thus, in any event the action of the trial court in admitting the affidavit for a statutory lien would be harmless under Rule 434, Texas Rules of Civil Procedure.

By the third and final point of error, appellant contends that the court erred in rendering judgment against him for $150.00 attorney's fees because there was no evidence showing that such a fee was reasonable. This contention must be sustained.

Appellee offered no proof of any kind as to the reasonableness of the attorney's fees sought to be recovered. He contends that the trial judge was authorized to adjudicate the reasonableness of the attorney's fees without the benefit of the evidence and cites numerous decisions of the Courts of Civil Appeals supporting his contention.

Under a recent ruling by the Supreme Court of this state, the question of the reasonableness of attorney's fees was held to be a question of fact to be determined by the court or jury as any other fact issue and as such is required to be supported by competent evidence. Great American Reserve Insurance Company v. Britton, (S.Ct.) 406 S.W.2d 901, citing Johnson v. Universal Life & Accident Ins. Co., 127 Tex. 435, 94 S.W.2d 1145. Since the finding of the reasonableness of the attorney's fees was not supported by any evidence, that portion of the judgment awarding attorney's fees must be reversed.

In this connection, it is noted that the judgment not only foreclosed the lien for the amount of the debt, but also for the amount of the attorney's fees. This is not permitted. The constitutional lien exists only for labor done or materials furnished. The lien provided for therein does not include attorney's fees. 38 Tex.Jur.2d, Sec. 103, page 667; Hennemuth v. Weatherford, (Tex.Civ.App.) 278 S.W.2d 271.

Consequently, it becomes our duty to reform the judgment so as to permit appellee a recovery only upon the debt in the sum and amount of $429.17 and for foreclosure of the lien thereon. In view of the fact that the claim for attorney's fees is a severable claim, we are authorized to sever the claim and reverse the judgment as to it only, which we do. Great American Reserve Insurance Company v. Britton, supra. Accordingly, the severed cause as to attorney's fees is remanded to the trial court for a new trial. The remainder of the judgment, as reformed, will be affirmed.