**ROYAL INDUSTRIES, INC., SAFELITE DIVISION, Appellant,**

v.

**Danny C. STURDIVANT, Appellee.**

No. 18131.

Court of Civil Appeals of Texas, Dallas.

July 12, 1973.

Rehearing Denied July 26, 1973.

Emma L. W. Bartholow, Michael Lowenberg, Akin, Gump, Strauss, Hauer & Feld, Dallas, for appellant.

Lloyd Scurlock, Sayers, Scurlock, Binion & Brackett, Fort Worth, for appellee.

CLAUDE WILLIAMS, Chief Justice.

The question presented by this appeal concerns the reasonableness of geographical

limitations imposed by the trial court's injunctive order enforcing the terms of an agreement against competition.

Royal Industries, Inc., Safelite Division (hereinafter referred to as Safelite) is in the business of selling glass to distributors as well as to retailers. In August, 1970 it hired Danny C. Sturdivant as a salesman. As a condition of employment Sturdivant signed a covenant not to compete with Safelite, the relevant portions of such agreement being as follows:

"I further agree that for a period of two years following the date of my termination with Safelite I will not engage *directly or indirectly in any glass business* in any geographical territory in which Safelite engages or has engaged in business nor will I disclose to any person the identity of any customers or product information of Safelite not otherwise readily available to the glass trade in general."

In February of 1972 Sturdivant's employment with Safelite was terminated and he thereafter began work for Nelson Brantley Glass Company in Dallas. This company also sells glass and is admittedly a competitor of Safelite.

Safelite brought this action against Sturdivant seeking to enforce the covenant against competition by injunction. Safelite prayed that Sturdivant be enjoined (a) from engaging directly or indirectly in the glass business in the States of Texas, Oklahoma and Arkansas and (b) that he be further enjoined from disclosing to any person the identity of any customers or product information of Safelite not otherwise readily available to the glass trade in general.

Following a hearing before the court, without a jury, the trial court issued a permanent injunction in which Sturdivant was enjoined and restrained until February 21, 1974 (a) from engaging directly or indirectly in any auto glass business in those parts of Texas and Oklahoma that are east of Interstate Highway 35 and 35W except that he may engage in such business in the Counties of Bexar, Dallas, Harris and Tarrant; and (b) from disclosing to any person the identity of any customers or any product information of Safelite not otherwise readily available to the glass trade industry in general.

Safelite appeals from this decree contending, in one point of error, that the trial court erred in failing to enjoin Sturdivant from engaging in the glass business in any geographical territory in which Safelite conducted business.

In his cross-points of error appellee Sturdivant contends that the trial court's injunctive decree was too broad in its geographical scope in that it included all of the State of Oklahoma lying east of Interstate Highway 35 whereas there was no evidence that Sturdivant was active in that area so as to injure Safelite's business.

Before proceeding to discuss the matters thus presented it is to be observed that neither appellant nor appellee makes any attack upon that part of the decree relating to the period of time during which the injunction will remain effective. Neither does appellant nor appellee question that part of the decree which enjoins appellee from revealing information concerning Safelite's business. It is to be noted that this portion of the decree contains no geographical limitation.

We proceed then to the question of whether the trial court's decree was unreasonably narrow and limited in its geographical or territorial limitations, as contended by appellant, or whether it was unreasonably broad in that it included the eastern part of the State of Oklahoma, as contended by appellee.

■■■ The rules of law governing the resolution of the questions here presented are clearly enunciated by our Supreme Court in Weatherford Oil Tool Co. v. Campbell, 161 Tex. 310, 340 S.W.2d 950 (1960). In that case the employee entered into a covenant with his employer not to compete for a period of one year in any

area where Weatherford Oil Tool Company, Inc. may be operating or carrying on business. The Supreme Court said that the primary question to be decided in a case involving restraint of trade is whether the terms of the agreement are reasonable. Where the public interest is not directly involved the test usually stated for determining the validity of the covenant as written is whether it imposes upon the employee any greater restraint than is reasonably necessary to protect the business and good will of the employer. "According to the Restatement, a restraint of trade is unreasonable, in the absence of statutory authorization or dominant social or economic justification, if it is greater than is required for the protection of the person for whose benefit the restraint is imposed or imposes undue hardship upon the person restricted."

The Supreme Court then pointed out that it was clearly not necessary for the protection of the employer's business or good will that its office employees or salesmen be prevented from engaging in a competitive business wherever the employer may elect to sell its products. The court concluded that the restrictive covenant must bear some relation to the activities of the employee and must not restrain the employee's activities in a territory to which his former work has not taken him or given him the opportunity to enjoy undue advantages in later competition with his employer.

■ The court in *Weatherford*, as in other cases, has established the rule that where the covenant itself contains no territorial limitation the court may, by the terms of its injunction, prescribe a reasonable territorial limitation against competition. In doing so it seems quite clear that the trial court must consider two things. First, the injunction should not impose upon the employee any greater restraint than is reasonably necessary to protect the business and good will of the employer, and secondly, the restriction upon the employee's activities must bear some reasona-

ble relationship to the activities of such employee. Globe Chemical Company v. Walla, 328 S.W.2d 341 (Tex.Civ.App., Houston 1959); Spinks v. Riebold, 310 S.W.2d 668 (Tex.Civ.App., El Paso 1958, writ ref'd); and Toch v. Eric Schuster Corporation, 490 S.W.2d 618 (Tex.Civ.App., Dallas 1972). It is, of course, well established that where injunctive relief is granted in such cases it is within the sound discretion of the trial court to impose what is considered to be reasonable terms. Research Equipment Co. v. Galloway and Scientific Cages, 485 S.W.2d 953 (Tex.Civ.App., Waco 1972); Thames v. Rotary Engineering Co., 315 S.W.2d 589 (Tex.Civ.App., El Paso 1958); Lewis v. Krueger, Hutchinson & Overton Clinic, 153 Tex. 363, 269 S.W.2d 798 (1954).

■ The facts presented to the trial court are practically without dispute. Safelite was authorized to do business in every state of the Union with the exception of Vermont and New Hampshire. However, Sturdivant's activities as a salesman for Safelite were restricted to limited areas of the State of Texas. Following a brief period of training in Wichita, Kansas, Sturdivant came to Texas and worked as a salesman in what is described as East Texas and more specifically in an area east of Interstate Highway 35 and 35W, excluding Houston, Dallas, San Antonio and Fort Worth. There is in evidence a map of the State of Texas showing a large number of cities and towns in East Texas in which Sturdivant called on customers and sold merchandise for Safelite. The map also indicates a small number of towns lying west of Interstate Highway 35 and 35W. In this connection Sturdivant testified that he made one or two trips of two or three days each into the West Texas territory during the absence of another salesman and that he had not gone back to West Texas to actively work. When asked how far in West Texas he went he stated, "Very little because I hate the place." After ceasing his employment with Safelite Sturdivant said that he had called on fourteen customers out of a total of one hundred

customers that he formerly called on when employed by Safelite.

Concerning the Oklahoma area lying east of Interstate Highway 35 Sturdivant testified that he had never actually gone into that territory; that he did not know the names of any customers of Safelite in Oklahoma; and that his only contact with Oklahoma was to give a brief period of training to a Safelite salesman who did call on customers in Oklahoma. Mr. Robert Hall, national sales manager for Safelite, testified that Sturdivant's activities had been confined primarily in East Texas which did not include Dallas, Fort Worth, San Antonio and Houston. He said Sturdivant had been sent to West Texas one or two times. Concerning the Oklahoma territory he said that Sturdivant had not actually worked in eastern Oklahoma but had supervised a salesman who had been sent into Oklahoma.

An analysis of the statement of facts in this case convinces us that the trial judge did not abuse his discretion in placing a territorial limitation upon the competitive activities of Sturdivant within the area of Texas lying east of Interstate Highway 35 and 35W. Neither do we think that the trial court abused its discretion in permitting Sturdivant to engage in business which would be competitive with Safelite in the Counties of Bexar, Dallas, Harris and Tarrant.

However, based upon a consideration of the undisputed evidence, we are convinced that the trial court should not have enjoined Sturdivant from engaging in competitive activities with Safelite in that portion of Oklahoma lying east of Interstate Highway 35. It cannot be reasonably said that Sturdivant's activities as an employee of Safelite were such as to presently endanger the business and good will of that company in eastern Oklahoma. We hold therefore that the trial court's decree should be modified accordingly.

The judgment of the trial court is therefore modified by removing therefrom the provision that appellee Sturdivant is prohibited from engaging in competitive activities with appellant Safelite in the eastern part of Oklahoma. Otherwise, the judgment of the trial court is affirmed. Costs of this appeal are taxed against appellant and appellee equally.

Reformed, and as reformed, affirmed.