NO. 07-01-0148-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 28, 2001

______________________________

DAPHNEY SKELTON, APPELLANT

V.

WASHINGTON MUTUAL BANK, F.A., APPELLEE

_________________________________

FROM THE PROBATE COURT NO. 1 OF HARRIS COUNTY;

NO. 305,769-401; HONORABLE RUSSELL AUSTIN, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Following rendition of a summary judgment, appellant Daphney Skelton challenges the judgment of the trial court denying her homestead and community property claims and declaring that appellee Washington Mutual Bank, F.A. held a valid first lien and that an order of sale should issue on the real estate described in the deed of trust.  Presenting four issues, Skelton contends 1) she had a homestead interest in the property that could only be alienated in writing, 2) her homestead interest in the property was superior to the purchase money lien held by Washington Mutual, 3) her community property interest in the property was superior to the purchase money lien held by Washington Mutual, and 4) a fact issue existed sufficient to bar summary judgment.  Based on the rationale expressed herein, we affirm.
(footnote: 1)  

On December 12, 1995, a lot and house thereon were conveyed to Rusty Skelton by warranty deed with a vendor’s lien.  The property was purchased with a loan from Great Western Mortgage Corporation, evidenced by a note in the original principal sum of $203,000 and secured by a deed of trust executed by Rusty Skelton, reciting that he was a single man.  Payments on the loan were made until April 1, 1997 and on June 16, 1998, Rusty Skelton died.  Following application for administration of the estate filed by Washington Mutual, assignee of Great Western Mortgage Corporation, John J. Feldt was appointed administrator of the estate of Rusty Skelton.  

Skelton and Rusty were married in 1984 and remained married until Rusty’s death.  Skelton resided in this home with Rusty at all times from the purchase of the property through the time of Rusty’s death and until the summary judgment.  Before the property was purchased, Skelton and Rusty had agreed that Rusty only would apply for the
 
purchase money loan, due to certain negative references in Skelton’s credit history.  Skelton did not execute any documents in connection with the acquisition of the property or the loan.  According to Skelton, she was not aware that Rusty was taking title as a single or unmarried man.  Payments for the purchase of the property, insurance, taxes, maintenance fees, and upkeep on the property were made with funds earned by Skelton and Rusty prior to his death.  

After the probate court granted Washington Mutual’s application to foreclose its lien against the property, Skelton filed her petition for declaratory judgment asserting  homestead and community property claims.  In response, Washington Mutual filed its answer and counterclaim seeking foreclosure of its lien, then filed its traditional and no-evidence motion for summary judgment contending it was entitled to foreclose on its deed of trust lien as a matter of law.  Also, by its no-evidence motion, Washington Mutual contended there was no evidence that (a) it was not a good faith purchaser of the note and lien without notice of Skelton’s claim; (b) it was a party to a fraud; (c) it was aware of any lack of authority of Rusty Skelton to purchase the property; and (d) Skelton had a valid homestead claim superior to the bank’s deed of trust.  Without objecting to any of the summary judgment evidence submitted by Washington Mutual or objecting or excepting to the form of the motion for summary judgment, Skelton responded with her affidavit setting out the marital history and the title history; otherwise she did not respond with any other summary judgment evidence to challenge Washington Mutual’s motion.  Before we consider Skelton’s issues, we first set forth the standards of review for a traditional and a no-evidence summary judgment.

Traditional Summary Judgment Standard of Review

In reviewing a summary judgment, this Court must apply the standards established in Nixon v. Mr. Property Management, 690 S.W.2d 546, 548-49 (Tex. 1985).  A motion for summary judgment must state the specific grounds therefor.  Tex. R. Civ. P. 166a(c).  For a party to prevail on a motion for summary judgment, he must conclusively establish the absence of any genuine question of material fact and that he is entitled to judgment as a matter of law. 
 Id
.  A movant must either prove all essential elements of his claim, MMP, Ltd. v. Jones, 710 S.W.2d 59, 60 (Tex. 1986), or negate at least one essential element of the non-movant's cause of action.  Randall's Food Markets, Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995).  Once the movant has established a right to summary judgment, the non-movant has the burden to respond to the motion for summary judgment and present to the trial court any issues that would preclude summary judgment.  City of Houston v. Clear Creek Basin Authority, 589 S.W.2d 671, 678 (Tex. 1979); Barbouti v. Hearst Corp., 927 S.W.2d 37, 64 (Tex.App.--Houston [1st Dist.] 1996, writ denied).

No-Evidence Summary Judgment Standard of Review

Where a motion is presented under Rule 166a(i) asserting there is no evidence of one or more essential elements of the non-movant's claims upon which the non-movant would have the burden of proof at trial, the movant does not bear the burden of establishing each element of its own claim or defense as under subparagraph (a) or (b).  Rather, although the non-moving party is not required to marshal its proof, it must present evidence that raises a genuine fact issue on the challenged elements. 
 See
 Tex. R. Civ. P. 166a, Notes and Comments; Roth v. FFP Operating Partners, 994 S.W.2d 190, 195 (Tex.App.--Amarillo 1999, no writ).

Because a no-evidence summary judgment is essentially a pretrial directed verdict, we apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict.  Jackson v. Fiesta Mart, Inc., 979 S.W.2d 68, 70 (Tex.App.--Austin 1998, no pet.).  Thus, our task as an appellate court is to ascertain whether the non-movant produced any evidence of probative force to raise a fact issue on the material questions presented.  
Id
.  We consider all the evidence in the light most favorable to the party against whom the no-evidence summary judgment was rendered, disregarding all contrary evidence and inferences.  Merrill Dow Pharmaceuticals v. Havner, 953 S.W.2d 706, 711 (Tex. 1997), 
cert. denied
, 523 U.S.1119, 118 S.Ct. 1799, 140 L.Ed.2d 939 (1998).  A no-evidence summary judgment is properly granted if the non-movant fails to present more than a scintilla of probative evidence to raise a genuine issue of material fact on which the non-movant would have the burden of proof at trial.  
Fiesta Mart, Inc
., 979 S.W.2d at 70-71.  Less than a scintilla of evidence exists when the evidence is “so weak as to do no more than create a mere surmise or suspicion” of a fact.  Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983).  More than a scintilla of evidence exists when the evidence “rises to a level that would enable reasonable and fair-minded people to differ in their conclusions.”
  Havner,
 953 S.W.2d at 711. 

Combining her first and second issues, Skelton argues that her homestead claim was superior to Washington Mutual’s deed of trust lien because she did not execute any instrument creating Washington Mutual’s lien and her homestead interest was superior to Washington Mutual’s purchase money lien.  We disagree.

By her affidavit in response to Washington Mutual’s motion for summary judgment, Skelton admitted:

the subject property was conveyed to her deceased husband by deed dated December 12, 1995;

upon such conveyance, she and her husband moved into the property with the intention that it constituted their homestead; and

Skelton and her husband decided that the husband would appear on the purchase and loan documents due to certain negative reference in Skelton’s credit history.

In addition, by her statement of facts, Skelton recognized that the “home was purchased through a loan from Great Western Mortgage Corporation, evidenced by a note in the original principal sum of $203,000.00, and secured by a Deed of Trust executed by Rusty Skelton,” and the purchase money advance was also secured by a vendor’s lien. 

The Texas Constitution, provided in part as follows:

Homstead; protection from forced sale; mortgages, trust deeds and liens

No mortgage, trust deed, or other lien on the homestead shall ever be valid, 
except for the purchase money therefor
, or improvements made thereon. . . .

(Emphasis added).  Tex. Const. art. XVI, § 50 (1876, amended 1973, 1995, and 1999).  Additionally, section 41.001(b) Texas Property Code Annotated (Vernon 2000), provides:

(b) Encumbrances may be properly fixed on homestead property for:

(1) purchase money;

(2) taxes on the property;

(3) work and material used in constructing improvements on the property if contracted for in writing as provided by Sections 53.254 (a), (b), and (c);

According to section 53.254, to fix a lien on a homestead for materials and labor, among other documentation, the owner and his or her spouse must execute a written contract signed by both spouses, but the statute does not require the documentation for a purchase money lien. 

Skelton relies on Williams v. Saxon, 521 S.W.2d 88 (Tex.Civ.App.--San Antonio 1975, writ ref’d n.r.e.), to support her position; however, that case does not involve the enforcement of a purchase money lien.  Further, an encumbrance existing against property cannot be affected by the subsequent impression of the homestead exemption on the land so as to avoid or destroy pre-existing rights.  Inwood North Homeowners’ Ass’n v. Harris, 736 S.W.2d 632, 635 (Tex. 1987).  In Benchkmark Bank v. Crowder, 919 S.W.2d 657, 660 (Tex. 1996), the Court, citing article XVI, section 50 of the Texas Constitution, recognized the general rule that the homestead is protected from forced sale “except for the payment of debts for purchase money, ad valorem taxes due on the property, or work or materials used in constructing improvements.”   

Finally, citing section 5.001 of the Texas Family Code Annotated (Vernon 1998), which limits conveyance of homesteads without joinder of both spouses, Skelton argues that the lien is unenforceable because she did not execute any documentation creating it.  Although it may be good practice to require that purchase money and vendor’s lien transactions be evidenced by documentation signed by the grantees, a vendor’s lien is enforceable to secure payment of purchase money even without documentation.  McGoodwin v. McGoodwin, 671 S.W.2d 880, 882 (Tex. 1984).  Moreover, section 5.001 does not apply because the lien note was part of the purchase price and Washington Mutual, as the holder of the superior title, could enforce the vendor’s lien even if Skelton did not sign or acknowledge the loan instruments because the homestead interest and the lien were created simultaneously and no interest was transferred after creation in violation of section 5.001.  Luczynski v. Sevier, 302 S.W.2d 474 (Tex.Civ.App.--Dallas 1957, writ ref’d n.r.e.). 

By its summary judgment evidence, Washington Mutual established that upon the sale of the property, Centennial Homes, Inc., as grantor, reserved a vendor’s lien securing the payment of $203,000 to Great Western Mortgage Corporation.  The deed also recited that the vendor’s lien was secured by a deed of trust of even date.  Moreover, Skelton has admitted that the note which Washington Mutual sought to foreclose was a purchase money note.  Therefore, even if the property became impressed with homestead claims upon its acquisition, the purchase money lien is not invalid or unenforceable under the constitutional provision and is subject to enforcement by the express provisions of section 41.001(b) of the Texas Property Code.  Accordingly, issues one and two are overruled.   

By  issue three, Skelton contends she has a community property interest in the property that is superior to the purchase money lien held by Washington Mutual and by her fourth issue, she contends that a fact issue of fraud is presented under section 3.104 of the Texas Family Code Annotated (Vernon 1998).  For the reasons expressed above and the following analysis, we disagree.  

 Without citation of any case authority, Skelton argues that her community property rights are superior to Washington Mutual’s rights to foreclose under the deed of trust.  However, all of Skelton’s claims are based upon the warranty deed reserving a vendor’s lien to secure payment of part of the purchase price.  In Reed v. Skelly Oil Co., 227 S.W.2d 360, 362 (Tex.Civ.App.--Texarkana 1950, writ ref’d n.r.e.), the court held that a party could not claim benefits under an instrument without confirming the instrument and accepting its burdens.  As applicable here, because Skelton claims rights under the warranty deed containing a vendor’s lien, she cannot repudiate the disadvantageous portions of the instrument after having accepted the beneficial portions.  Shellberg v. Shellberg, 459 S.W.2d 465, 470 (Tex.Civ.App.--Fort Worth, 1970, writ ref’d n.r.e.); 
see also
 Central Power & Light Co. v. Del Mar, Etc., 594 S.W.2d 782, 791 (Tex.Civ.App.--San Antonio 1980, writ ref’d n.r.e.).  

Even though not raised by her pleadings, Skelton now contends that a fact question of fraud in the origination of the loan is presented.  However, by her response to Washington Mutual’s motions for summary judgment, she asserted that whether Washington Mutual was a bona fide purchaser “is irrelevant to” her homestead and community property rights. Accordingly, the question of fraud is not controlling here, and cannot be considered on appeal as grounds for reversal.  Tex. R. Civ. P. 166a(c).  Moreover, she did not present any summary judgment evidence of Washington Mutual’s knowledge of any fraud in her response to the no-evidence motion.  Finally, because  Skelton and her husband agreed that Skelton would not also apply for the loan because her credit history was not favorable, she is not entitled to any relief because of her acts in concealing her interest.  La Force v. Bracken, 141 Tex. 18, 169 S.W.2d 465, 467 (1943).  Issues three and four are overruled. 

Accordingly, the judgment of the trial court is affirmed and Washington Mutual’s request for sanctions pursuant to Rule 45 of the Texas Rules of Appellate Procedure is denied.  Our disposition of this appeal renders Washington Mutual’s motion to dismiss moot. 

Don H. Reavis

         Justice

Do not publish.

FOOTNOTES
1:
Pending before this Court is Washington Mutual’s Motion to Dismiss Appeal pursuant to Rule 38.8(a) of the Texas Rules of Appellate Procedure.